# ROBERT LEE BREEDING v. E. T. SWENSON.[1]

July 24, 1953.

No. 36,024.

[1]Reported in 60 N. W. (2d) 4.

See, Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314.

*Robert Lee Breeding,* pro se.

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, for the State.

MATSON, JUSTICE.

Respondent moves to dismiss relator's appeal from an order denying his petition for a writ of habeas corpus.

Ancillary to the above matter we have two additional motions, one by respondent for the substitution of parties and another by relator for permission to present his argument orally and in person. Both of these motions will be disposed of first.

Respondent's motion to substitute the name of E. T. Swenson in lieu of L. F. Utecht as respondent, the former being the successor to the latter as warden of the Minnesota state prison, is hereby granted.

Relator's motion to be present in person to make an oral argument upon respondent's motion for the dismissal of relator's appeal is hereby denied. See, Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813.

We next turn to a consideration of respondent's motion for a dismissal of the appeal herein on the ground that relator's petition fails to state any grounds justifying the issuance of a writ of habeas corpus.

On November 15, 1949, relator was arraigned in the district court of Hennepin county upon an information charging him with having committed the crime of robbery in the first degree. He pleaded not guilty. On November 29, 1949, he withdrew his plea of not guilty, and according to the judgment roll, he entered a plea of guilty to the crime of grand larceny in the second degree, whereupon the court in accordance with his plea adjudged him guilty of grand larceny in the second degree and of one prior conviction. The trial

court sentenced him to an indeterminate term in the state penitentiary at Stillwater. A notation at the foot of the judgment indicates that the execution of the sentence was stayed and that defendant was placed on probation for five years subject to the condition that the first year of the probation be served in the workhouse of the city of Minneapolis. Relator served the year in the workhouse, and on March 20, 1951, according to another notation on the judgment, the stay was vacated, apparently for a violation of the conditions of his probation. He was committed to the state penitentiary under the sentence imposed on November 29, 1949.

On October 17, 1952, relator applied to the district court of Washington county for a writ of habeas corpus on the following three grounds: (1) That he had in fact pleaded guilty to the crime of "petit larceny from a building after dark," believing such crime to be a gross misdeameanor and had not pleaded guilty to the crime of larceny in the second degree as the judgment roll of Hennepin county district court states; (2) that relator had been placed in double jeopardy by being required to serve two sentences for the same offense; and (3) that the information upon which the imprisonment is predicated is defective either because of a supposed inconsistency between parts of M. S. A. 622.05 and 622.06 or because the information did not charge him with the crime to which he pleaded guilty. Relator's appeal is from the district court's order denying his petition for a writ of habeas corpus, and the matter is now before us for *de novo* review to ascertain the sufficiency of his petition.

 Relator alleges in his petition that his plea of guilty to second degree larceny was entered as a result of inadvertence and surprise and without his knowledge that it was *grand* larceny and not merely *petit* larceny. In his brief he apparently seeks in part to shift to another ground by arguing that the judgment roll must have been altered because his version of his plea differs from what appears on the judgment roll. His argument that the judgment roll has been altered on its face appears to have no possible foundation other than his assertion that it must have been altered because it

does not coincide with his personal recollection of the plea entered. In any event, it is clear that relator is attempting to make a collateral attack upon the judgment which is the sentence. The orderly administration of justice would be wholly thwarted if every sentence, after the time for appeal has gone by, could be collaterally attacked on the ground that the accused, by inadvertence and surprise and therefore without his knowledge, entered a plea different from that which he intended or on the still more shadowy ground that the judgment roll must have been altered because it is not corroborated by the personal recollection of the accused. As an instrument for the making of a collateral attack upon a judgment or sentence of a court in a criminal action, habeas corpus is a remedy of strictly limited application. Habeas corpus is a civil remedy, separate and apart from the criminal action, and, therefore, it may not be used as a substitute for a writ of error or appeal; as a motion to correct, amend, or vacate; or as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant.[2] Its only function ordinarily after the conviction for a crime is to ascertain (1) whether the court had jurisdiction of the crime and of the person of the defendant; (2) whether the sentence was authorized by law; and (3) whether the defendant was denied certain fundamental constitutional rights.[3]

If relator ever had any justification for asserting that a mistake had been made as to the crime to which he pleaded guilty, he had available an effective remedy by a timely motion to correct or amend

[2]Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314; Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. Baker v. Utecht, 221 Minn. 145, 21 N. W. (2d) 328, certiorari denied, 327 U. S. 810, 66 S. Ct. 971, 90 L. ed. 1034. See, Baker v. Utecht (8 Cir.) 161 F. (2d) 304; 32 Minn. L. Rev. 507.

[3]It should be borne in mind that, where a defendant has had the opportunity but has failed to appeal from a conviction, not every violation of a constitutional right is such a deprivation of due process as will vitiate the conviction and make it subject to collateral attack in habeas corpus. See, Yakus v. United States, 321 U. S. 414, 444-445, 64 S. Ct. 660, 677, 88 L. ed. 834, 859-860.

or by taking a timely appeal. Now that he has permitted the time for appeal to expire, he cannot resort to collateral attack by habeas corpus.

█ Relator also labors under the delusion that his alleged personal recollection of his plea must be accepted because the court reporter's record made at the time he appeared before the trial court has been lost or mislaid. No reason has been advanced why the trial court's minutes of the proceeding cannot be produced. It is not to be overlooked that a petitioner in a habeas corpus proceeding bears the burden of proof of showing the illegality of his detention.[4] There is no justification for relator's unwarranted assumption that his bare assertions must, without more, be accepted in derogation of the official records. In any event, as already noted, he had an adequate remedy by motion to amend or by appeal.

█ Relator argues, however, that he has been put in double jeopardy by being required to serve two sentences for the same offense. He reasons that by § 622.06 the crime of larceny in the second degree is punishable, in the alternative, by imprisonment in the state prison for not more than five years; or by imprisonment in the county jail for not exceeding one year; or by a fine of not more than $500. He maintains that, since he has served one year in the workhouse which is supported partially by the county, he has served his sentence under the second alternative and that he thereby completely discharged his obligation for the crime of larceny in the second degree and is entitled to be released from the penitentiary.

Clearly, relator misconceives the situation. The trial court, after sentencing relator to an indeterminate sentence, stayed execution of the sentence, as it had a right to do under § 610.37, and then, as authorized by § 610.38, placed relator on probation subject to the condition that the first year of such probation should be spent in the workhouse. Subsequently the court, as authorized by § 610.39,

[4]See, Hawk v. Olson, 326 U. S. 271, 279, 66 S. Ct. 116, 120, 90 L. ed. 61, 67; Walker v. Johnston, 312 U. S. 275, 286, 61 S. Ct. 574, 579, 85 L. ed. 830, 836; Johnson v. Zerbst, 304 U. S. 458, 468-469, 58 S. Ct. 1019, 1025, 82 L. ed. 1461, 1468-1469.

revoked the stay of execution of the sentence with the result that the original sentence was reinstated. In the exercise of its discretion a trial court may, at any time and without notice, constitutionally vacate a stay of execution and reinstate the original sentence,[5] and the fact that a court does not state the reasons for revoking the stay is a mere irregularity not going to the jurisdiction of the court.[6]

Obviously, relator is not being required to serve two sentences for the same offense since the district court, by sentencing relator to one year in the workhouse, clearly imposed such sentence as a condition of the probation and not as an alternative sentence under § 622.06. By the revocation of the order staying execution of the sentence, the original sentence was reinstated and relator is now serving that sentence.[7] Relator's claim that he has been put in double jeopardy is without merit.[8]

■ Although relator's position is not entirely clear or consistent, it seems that he complains because the information upon which he pleaded guilty to the crime of larceny in the second degree charged him with the crime of robbery in the first degree. We need not determine whether the information was defective because defects in informations and indictments which do not deprive the court of jurisdiction cannot be attacked in habeas corpus proceedings.[9]

---

[5]State ex rel. Newman v. Wall, 189 Minn. 265, 249 N. W. 37; State v. Chandler, 158 Minn. 447, 197 N. W. 847.

[6]State ex rel. Jenks v. Municipal Court, 197 Minn. 141, 266 N. W. 433.

[7]According to Opinion Attorney General, No. 341-K-10, September 30, 1948, relator's sentence should be credited with a year spent in the workhouse.

[8]The letter received by relator from the secretary of the state board of pardons, which stated that, after relator had served his workhouse sentence, it appeared from the record that relator had served the maximum penalty and would be free, is of no controlling significance.

[9]Shaw v. Utecht, 232 Minn. 82, 43 N. W. (2d) 781, certiorari denied, 340 U. S. 855, 71 S. Ct. 73, 95 L. ed. 627 (sufficiency of allegations of information) ; Stolpestad v. Utecht, 231 Minn. 266, 42 N. W. (2d) 813 (names

The order of the trial court is affirmed.

Affirmed.

MR. JUSTICE NELSON, not having been a member of the court at the time of submission, took no part in the consideration or decision of this case.

of witnesses appearing in grand jury against defendant not endorsed on the information); State ex rel. Hansen v. Utecht, 230 Minn. 579, 40 N. W. (2d) 441 (information insufficient); State ex rel. McDonald v. Riley, 116 Minn. 1, 133 N. W. 86 (complaint insufficient to state public offense); 25 Am. Jur., Habeas Corpus, § 40; Annotation, 57 A. L. R. 85.