ROBERT LEE BREEDING v. EDWIN T. SWENSON.[1,2]

February 11, 1954.

No. 36,224.

[1]Reported in 62 N. W. (2d) 488.
[2]Certiorari denied, 347 U. S. 941, 74 S. Ct. 645, 98 L. ed. 1090.

See, Breeding v. Utecht, 239 Minn. 137, 59 N. W. (2d) 314; Breeding v. Swenson, 240 Minn. 93, 60 N. W. (2d) 4.

*Robert Lee Breeding, pro se.*

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, for the State.

PER CURIAM.

On August 25, 1953, appellant applied to the district court of Washington county for a writ of habeas corpus on the ground that he is being illegally detained in the state penitentiary in violation of his constitutional rights. It is his contention that he has been placed in jeopardy three times, and is now serving sentence for the third time, for the crime of *burglary in the third degree* for which he was convicted April 23, 1942.

His application was denied by the district court on September 4, 1953. This appeal followed. Appellant's record relative to these proceedings is as follows:

| | |
|---|---|
| April 23, 1942 | Appellant pleaded guilty to third degree burglary, district court of Hennepin county. Sentenced to an indeterminate term in state reformatory at St. Cloud. Execution of sentence stayed and appellant placed on probation for five years, with proviso that one year thereof be served in Minneapolis city workhouse. Commenced service in workhouse April 23, 1942. |
| March 2, 1943 | Appellant released from Minneapolis city workhouse. |
| August 27, 1943 | On probationer's report, appellant's stay of sentence on third degree burglary conviction vacated and appellant committed to state reformatory at St. Cloud. |

| | |
|---|---|
| May 12, 1947 | Appellant released from state reformatory at St. Cloud. |
| November 29, 1949 | Appellant pleaded guilty to crime of grand larceny in second degree and was also adjudged guilty of one prior conviction. For these, appellant was sentenced to indeterminate term at state penitentiary, not to exceed 10 years. Execution of sentence stayed and appellant placed on probation with proviso that one year of probation be served in Minneapolis city workhouse. Commenced service of sentence in Minneapolis city workhouse that date. |
| August 23, 1950 | Appellant released from Minneapolis city workhouse. |
| March 5, 1951 | Appellant found guilty of lewd and indecent conduct (pandering) in municipal court of Minneapolis contrary to Minneapolis ordinances. |
| March 20, 1951 | Appellant's stay of sentence revoked for "conviction" of "lewd and indecent conduct" for "frequently keeping late hours" and for "indifference" and failure to "cooperate in plans for his rehabilitation." Appellant committed to state penitentiary at Stillwater, where he is now confined, to serve remainder of sentence imposed November 29, 1949, with credit for time served in connection therewith in Minneapolis city workhouse. |

In the present appeal, it is appellant's contention that the sentences, as above outlined, in substance constitute placing him in triple jeopardy for the crime of *burglary in the third degree,* for which he was sentenced April 23, 1942, in that thereunder he has served (1) a one-year term in the Minneapolis city workhouse, April 23, 1942, to March 2, 1943; (2) the remainder of a five-year

term at the state reformatory at St. Cloud, August 27, 1943, to May 12, 1947; and (3) time under his present sentence for the prior conviction, which doubled the term that otherwise would have been imposed upon him for the crime of *grand larceny in the second degree.*

Prior to these proceedings, on October 17, 1952, appellant applied to the district court of Washington county for a writ of habeas corpus on the ground that in the sentence for *grand larceny in the second degree,* imposed November 29, 1949, he was subjected to double jeopardy by being required to serve two sentences therefor, one in the Minneapolis city workhouse and the other in the state prison, as above outlined. It was his contention in connection therewith that his service in the city workhouse completely discharged his obligation for the crime of *grand larceny in the second degree* and that, hence, his service in the state penitentiary for the same offense constituted double jeopardy.

In upholding the district court's denial of his application there, we stated in Breeding v. Swenson, 240 Minn. 93, 97, 60 N. W. (2d) 4, 8:

"Clearly, relator misconceives the situation. The trial court, after sentencing relator to an indeterminate sentence, stayed execution of the sentence, as it had a right to do under § 610.37, and then, as authorized by § 610.38, placed relator on probation subject to the condition that the first year of such probation should be spent in the workhouse. Subsequently the court, as authorized by § 610.39, revoked the stay of execution of the sentence with the result that the original sentence was reinstated. * * *

"* * * the district court, by sentencing relator to one year in the workhouse, clearly imposed such sentence as a condition of the probation and not as an alternative sentence under § 622.06. By the revocation of the order staying execution of the sentence, the original sentence was reinstated and relator is now serving that sentence."

■ The reasoning applied in the prior proceedings applies with equal force to appellant's contention at this time. It is obvious from an examination of appellant's record, as outlined above, that the

sentence imposed upon appellant on April 23, 1942, which has been served by appellant, has no relationship to the sentence imposed upon him on November 29, 1949. As indicated by our decision in Breeding v. Swenson, *supra*, the fact that a part of this latter sentence was, under the terms of probation, served in the Minneapolis workhouse did not in effect create an alternative sentence but provided merely a method of serving the one sentence imposed with probationary concessions. Applying this same rule to the sentence of April 23, 1942, it is clear that, when the probation and stay were revoked and sentence to the state reformatory reinstated, the resulting service constituted merely a continuation of the one sentence originally imposed.

■ Appellant's subsequent sentence on November 29, 1949, for the new conviction of *grand larceny in the second degree,* and *one prior conviction,* was, under our statutes, a new sentence imposed as authorized by M. S. A. 622.06 for *grand larceny in the second degree* and by § 610.28 for *one prior conviction.* Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. MacMillen v. Utecht, 221 Minn. 138, 21 N. W. (2d) 239; State v. Zywicki, 175 Minn. 508, 221 N. W. 900.

■ Appellant's claim that his constitutional rights were invaded by the district court of Hennepin county in March 1951 when the stay of execution was revoked in connection with the sentence of November 29, 1949, because of insufficient grounds for such revocation is without merit. As this court stated in the prior proceedings (240 Minn. 98, 60 N. W. [2d] 8):

"* * * In the exercise of its discretion a trial court may, at any time and without notice, constitutionally vacate a stay of execution and reinstate the original sentence, and the fact that a court does not state the reasons for revoking the stay is a mere irregularity not going to the jurisdiction of the court."

The order of the trial court is affirmed.
Affirmed.