**STATE of Minnesota, Appellant,**

v.

**Wiley Robert STROM, Respondent.**

No. C8–88–1379.

Court of Appeals of Minnesota.

Nov. 1, 1988.

Hubert H. Humphrey, III, Atty. Gen., James B. Early, Sp. Asst. Atty. Gen., St. Paul, Larry K. Mickelberg, Clay Co. Atty., Moorhead, for appellant.

C. Paul Jones, State Public Defender, Susan K. Maki, Asst. State Public Defender, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and LANSING and IRVINE,\* JJ.

## OPINION

NIERENGARTEN, Judge.

This is an appeal of a sentence after Wiley Strom's felony conviction for making terroristic threats in violation of Minn.Stat. § 609.713, subd. 1 (1986). The State contends the district court erroneously computed Strom's criminal history score under Minnesota's sentencing guidelines. We reverse and remand.

## FACTS

In February 1978, respondent Wiley Strom pleaded guilty to an amended robbery charge which arose out of a purse snatching incident in Fargo, North Dakota, a "class C felony" under North Dakota law because the victim was injured during the course of the crime. The North Dakota court "deferred" imposition of sentence and placed Strom on probation for two years, after which probation was terminated.

On January 29, 1988, Strom was found guilty in Minnesota of making terroristic threats. On March 4, 1988, Strom filed a petition with the North Dakota district court requesting permission to withdraw his guilty plea in the 1978 North Dakota robbery and asking the court to dismiss the

---

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

charge. Strom indicated the two-year probation for his 1978 robbery conviction had expired and stated he had complied with the terms and conditions of his probation. Strom's petition was granted and the 1978 robbery charge was dismissed on March 7, 1988.

The state's attorney in North Dakota asked the North Dakota court to vacate its March 7, 1988 order because the order allegedly was procured by Strom through "fraud and deception." On the basis of the evidence before it, on March 29, 1988, the North Dakota district court issued an "Order Reinstating Conviction" which vacated the court's March 7, 1988 order, "reinstated" Strom's robbery charges, and struck the not guilty plea entered by the court. Strom's withdrawn guilty plea also was reinstated and the court's file in the matter was reinstated to its status prior to Strom's petition.

At Strom's sentencing for the January 1988 Minnesota conviction, the district court concluded witness testimony about the 1978 North Dakota robbery would be unreliable and did not allow any testimony. The court did not count the 1978 North Dakota robbery as a felony point, in part because the court concluded the North Dakota court's deferred imposition of sentence was similar to a stay of adjudication and that "the matter should have been expunged." The court also stated it would not allow the point because it believed reinstatement of Strom's conviction by the North Dakota court raised possible "double jeopardy" issues.

The court determined Strom's criminal history score was three instead of four as argued by the State and sentenced Strom to the presumptive twenty-one month sentence. Execution of the sentence was stayed, and Strom was placed on probation for five years and ordered to serve one year in county jail subject to release after six months. The State appeals under Minn. R.Crim.P. 28.04, subd. 1(2).

## ISSUE

Did the district court correctly compute the respondent's criminal history score under Minnesota's sentencing guidelines?

## ANALYSIS

On appeal of a sentence, the court may review the sentence imposed or stayed to determine whether the sentence is inconsistent with statutory requirements, unreasonable, inappropriate, excessive, unjustifiably disparate, or not warranted by the findings of fact issued by the sentencing court. * * * The court may dismiss or affirm the appeal, vacate or set aside the sentence imposed or stayed and direct entry of an appropriate sentence or order further proceedings to be had as the court may direct.

Minn.R.Crim.P. 28.05, subd. 2.

### 1. Collateral Attack on Out-of-State Conviction

■ The State claims Strom may not collaterally attack his North Dakota robbery conviction in a subsequent sentencing proceeding and asserts Strom must appeal the outcome of the out-of-state proceeding in that foreign jurisdiction if he questions the propriety or validity of those proceedings.

In looking at foreign convictions the Minnesota Supreme Court has stated:

Generally, * * * the trial court should only have to determine if the defendant was convicted and if the conviction was for an offense that corresponds to an offense in Minnesota.

*Pilger v. State*, 337 N.W.2d 695, 698 (Minn. 1983). *See State v. Warren*, 419 N.W.2d 795, 798 (Minn.1988) ("Ordinarily * * * the sentencing court need not review the procedures that led to a prior conviction and a collateral attack will be allowed only in 'unique cases.'"). Since the record indicates Strom's rights were not violated, we need not review the North Dakota proceedings which resulted in reinstatement of Strom's conviction.

■ Under Minnesota law, Strom may be assigned a criminal history point for a conviction in which imposition of sentence was stayed. *See* Minnesota Sentencing Guidelines, Comment II.B.101 ("the offender is assigned one point for every felony

conviction * * * for which a stay of imposition of sentence was given before the current sentencing"); *see also id.* Comment II.B.105 ("stays of executions and stays of imposition [of sentence] shall be treated the same with respect to criminal history point accrual"). The reinstatement of the 1978 conviction presumedly was valid and Strom remains convicted of a "class C felony" robbery under North Dakota law, notwithstanding the fact that he served no prison sentence for that conviction. Accordingly, the district court erred by disregarding Strom's 1978 North Dakota robbery conviction when it computed Strom's criminal history score.

### 2. Double Jeopardy

[T]he prohibition against double jeopardy is not to protect the individual against the peril of a second punishment but to protect him against a second trial for the same offense.

*State v. McDonald,* 298 Minn. 449, 452, 215 N.W.2d 607, 609 (1974).

■ The North Dakota district court merely vacated the order dismissing the robbery charge and reinstated the guilty plea and conviction. Since Strom is not being tried twice or punished twice for the same offense, we cannot discern how reinstatement of the North Dakota conviction by the North Dakota court violates double jeopardy principles. *Cf. Breeding v. Swenson,* 240 Minn. 93, 97–98, 60 N.W.2d 4, 8 (1953) (the trial court did not violate the prohibition against double jeopardy by revoking the stay of execution of sentence and reinstating sentence even though the defendant served his entire probationary jail term).

### 3. Felony Classification

The designation of out-of-state convictions as felonies * * * shall be governed by the offense definitions and sentences provided in Minnesota law.

Minnesota Sentencing Guidelines II.B.5. The classification of prior offenses as felonies generally is "determined on the basis of current offense definitions." *Id.* Comment II.B.504. The sentencing guidelines

"require application of the Minnesota law that is in effect at the time the criminal history score is calculated." *State v. Johnson,* 411 N.W.2d 267, 269 (Minn.Ct.App. 1987).

It was contemplated that the sentencing court, in its discretion, should make the final determination as to the weight accorded foreign convictions. In so doing, sentencing courts should consider the nature and definition of the foreign offense, as well as the sentence received by the offender.

Minnesota Sentencing Guidelines, Comment II.B.505.

■ On remand the court should determine what, if any, weight the North Dakota conviction should be accorded and whether Strom's 1978 North Dakota conviction would constitute a felony conviction under current Minnesota law.

### 4. Factual Basis

■ We cannot conclude the court abused its discretion by disallowing testimony about the eleven-year-old North Dakota robbery on the grounds the testimony would be unreliable. However, we believe the court otherwise should have allowed the State an opportunity to meet its burden of establishing the factual basis of the 1978 North Dakota robbery conviction. *See State v. Marquetti,* 322 N.W.2d 316, 319 (Minn.1982) (the state has the burden of proof in establishing defendants' criminal histories for sentencing guidelines purposes). On remand, the court must allow the State an opportunity to meet its burden of proof.

### 5. Stay of Adjudication

■ Although Strom's robbery conviction was dismissed by the North Dakota district court, at the time of Strom's sentencing in Minnesota his 1978 robbery conviction had been reinstated by the North Dakota court. Consequently, at the time Strom was sentenced in Minnesota, Strom's record reflected that he had been convicted of a "class C felony" in North Dakota. *Cf.* Minnesota Sentencing Guidelines II.B.1 ("the offender is assigned one point for

every felony conviction for which a felony sentence was stayed or imposed before the current sentencing or for which a stay of imposition of sentence was given before the current sentencing").

The district court erroneously classified the 1978 North Dakota proceedings as a "stay of adjudication." Strom entered a counseled guilty plea, the court deferred or stayed sentencing, Strom was placed on probation, and the court subsequently reinstated the conviction after mistakenly dismissing the charges. Accordingly, the district court should have considered Strom's 1978 conviction when it computed Strom's criminal history score.

### DECISION

The district court erred in computing the respondent's criminal history score when it disregarded the respondent's 1978 North Dakota robbery conviction. Reinstatement of the 1978 conviction by the North Dakota court presumedly was valid and may not be collaterally challenged on this appeal. Reinstatement of the 1978 conviction did not violate double jeopardy principles. The district court should have allowed the State an opportunity to establish the factual basis of the 1978 offense and should have determined whether the 1978 offense was a felony under Minnesota law. The court erroneously characterized the stay of imposition of sentence in the 1978 proceeding as a stay of adjudication.

This case is remanded for a sentencing hearing and resentencing. The district court should consider the 1978 conviction and determine whether the North Dakota conviction constitutes a felony conviction under current Minnesota law. The State must be allowed an opportunity to meet its burden of proof in establishing the respondent's criminal history.

**REVERSED AND REMANDED.**