STATE of Minnesota, Respondent,

v.

Robert William ROLOFF, Appellant.

No. C1–96–2354.

Court of Appeals of Minnesota.

April 15, 1997.

**30**

Hubert H. Humphrey III, Attorney General, St. Paul, for Respondent.

Michael A. Fahey, Carver County Attorney, Chaska, for Respondent.

John M. Stuart, State Public Defender, Charlann Winking, Assistant State Public Defender, Minneapolis, for Appellant.

Considered and decided by KALITOWSKI, P.J., and WILLIS and MANSUR *, JJ.

## OPINION

KALITOWSKI, Judge.

Appellant Robert Roloff challenges the district court's assignment of a custody status point for an offense he committed while he was on probation following a stay of adjudication for a prior offense.

## FACTS

At sentencing for an assault charge, the district court added a custody status point to Roloff's criminal history score because Roloff

committed the assault while he was on probation for a prior offense. Roloff, however, had not been convicted of the prior offense, but was placed on probation after the court rejected his guilty plea and stayed adjudication. At sentencing, the district court rejected Roloff's argument that Minnesota law requires a conviction for the prior offense before a custody status point can be awarded.

## ISSUE

Did the district court err in adding a custody status point for an offense committed while appellant was on probation following a stay of adjudication for a prior offense?

## ANALYSIS

 The district court's determination of a defendant's criminal history score will not be reversed absent an abuse of discretion. *Bolstad v. State,* 439 N.W.2d 50, 53 (Minn.App.1989). "[I]t is the trial court's role to resolve any factual dispute bearing on the defendant's criminal history score." *State v. Campa,* 390 N.W.2d 333, 336 (Minn. App.1986) (quoting *State v. Olson,* 379 N.W.2d 524, 527 (Minn.1986)). A reviewing court, however, is not bound by and need not give deference to a district court's decision on purely legal issues. *Frost–Benco Elec. Ass'n v. Minnesota Pub. Utils. Comm'n,* 358 N.W.2d 639, 642 (Minn.1984).

The Minnesota Sentencing Guidelines establish the presumptive sentence for an offense by determining the severity of the offense and the criminal history of the offender. Minn. Sent. Guidelines II. The criminal history of the offender is comprised of his or her (1) prior felony record, (2) custody status at the time of the offense, (3) prior misdemeanor and gross misdemeanor record, and (4) prior juvenile record for young adult felons. Minn. Sent. Guidelines II.B.

The offender is assigned one point if he or she was on probation, parole, supervised release, conditional release, or confined in

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

a jail, workhouse, or prison *following conviction* of a felony or gross misdemeanor or an extended jurisdiction juvenile conviction, or released pending sentencing at the time the felony was committed for which he or she is being sentenced.

Minn. Sent. Guidelines II.B.2 (emphasis added). The comments, in part, state:

The basic rule assigns offenders one point if they were under some form of criminal justice custody following conviction of a felony or gross misdemeanor when the offense was committed for which they are now being sentenced. Criminal justice custodial status includes probation (supervised or unsupervised), parole, supervised release, or confinement in a jail, workhouse, or prison, or work release, following conviction of a felony or gross misdemeanor, or release pending sentencing following the entry of a plea of guilty to a felony or gross misdemeanor, or a verdict of guilty by a jury or a finding of guilty by the court of a felony or gross misdemeanor.

Minn. Sent. Guidelines cmt. II.B.201.

Consistent with the language of the sentencing guidelines, this court has said,

the assignment of a custody point is contingent on two factors. First, the defendant must have been convicted and subsequently received some form of state custody, such as probation. * * *

Second, another offense must occur while in such custody.

*Bolstad,* 439 N.W.2d at 53.

Roloff does not dispute that he committed an offense while he was on probation for a prior offense. Roloff argues, however, that he should not have been given a custody status point where the first factor, a conviction, was not satisfied, because the district court stayed adjudication. Relying on *State v. Krotzer,* 548 N.W.2d 252 (Minn.1996), and *State v. Strom,* 430 N.W.2d 860 (Minn.App. 1988), Roloff argues a stay of adjudication is not equivalent to a conviction. We agree.

In *Krotzer,* the supreme court addressed whether a district court has the inherent authority to stay adjudication and impose conditions of probation. The issue arose after the district court, over the prosecutor's objections, stayed adjudication and placed the offender on probation rather than convicting him and staying imposition. *Krotzer,* 548 N.W.2d at 253. The court stayed adjudication because it felt "justice would not be served by giving [the offender] a criminal record as a predatory sex offender." *Id.* at 254. In concluding that a judge has the inherent authority to stay adjudication, the supreme court stated, "[t]he district court's determination that Krotzer's situation warranted unusual judicial measures is well-supported by the special circumstances of Krotzer's case." *Id.*

In *Strom,* the district court characterized a North Dakota deferred imposition of sentence as a stay of adjudication, and did not add an additional point to the defendant's criminal history score. *Strom,* 430 N.W.2d at 862. This court reversed because the defendant had entered a guilty plea and the court only deferred or stayed sentencing. *Id.* at 864. A stay of execution or stay of imposition, which are treated alike under the guidelines, are not equivalent to a stay of adjudication. *Id.* at 862–63.

The guidelines contain an exception to the conviction requirement for the assignment of a custody status point. The guidelines comments provide, in part:

Probation given for an offense treated pursuant to Minn.Stat. § 152.18, subd. 1, will result in the assignment of a custody status point because a guilty plea has previously been entered and the offender has been on a probationary status.

Minn. Sent. Guidelines cmt. II.B.201. This exception, however, is clearly limited to certain drug-related offenses. Minn.Stat. § 152.18, subd. 1 (1996), in part, states:

If any person * * * is found guilty of a violation of section 152.024, subdivision 2, 152.025, subdivision 2, or 152.027, subdivision 2, 3, or 4, for possession of a controlled substance, after trial or upon a plea of guilty, * * * the court may, without entering a judgment of guilty and with the consent of the person, defer further proceedings and place the person on probation upon such reasonable conditions as it may require and for a period, not to exceed the

maximum sentence provided for the violation.

Because Roloff was not given probation for an offense covered by Minn.Stat. § 152.18, subd. 1, he cannot be given a custody status point under this comment. To allow the addition of a custody status point for a non-drug-related offense would expand the scope of the exception beyond that provided for by the Sentencing Guidelines Commission. Such an expansion involves policy decisions that are best left to the Sentencing Guidelines Commission.

## DECISION

Minnesota law requires a conviction before a custody status point can be added to a defendant's criminal history score. Because a stay of adjudication is not equivalent to a conviction, the district court erred by adding a custody status point to Roloff's criminal history score. We therefore reverse and remand for resentencing.

**Reversed and remanded.**