*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2021**

Kristopher Lee Roybal, petitioner,
Appellant,

vs.

Tom Roy, Commissioner of Corrections,
Respondent.

**Filed March 2, 2015
Affirmed; motion denied
Ross, Judge**

Rice County District Court
File No. 66-CV-14-1880

Kristopher Lee Roybal, Faribault, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Kirk, Presiding Judge; Ross, Judge; and Reilly, Judge.

## UNPUBLISHED OPINION

**ROSS**, Judge

Kristopher Roybal refuses to complete a chemical-dependency treatment program while he is in prison for his fourth impaired-driving conviction. The department of corrections determined that Roybal's refusal is a disciplinable violation and extended his scheduled supervised-release date by 45 days. Roybal seeks to restore his original release

date and appeals the district court's denial of his petitions for a writ of habeas corpus. Because the state afforded Roybal the process he is due and because his discipline does not violate his claimed Fifth Amendment rights, we affirm.

## FACTS

The district court convicted Kristopher Roybal in 2012 of his fourth impaired-driving offense and sentenced him to 50 months in prison. Roybal's chemical-dependency assessment indicated that he needs alcohol-dependency treatment. He began a treatment program but failed because he drank alcohol while on supervised release.

Roybal then refused to enter another program despite the assessment and a directive to comply with assessment recommendations. The department of corrections cited him administratively for refusing to undergo mandated chemical-dependency treatment. A hearing officer found that Roybal's refusal constituted a disciplinable violation, and she extended his incarceration by 45 days. The warden at Roybal's prison affirmed that decision.

Roybal filed petitions with the district court seeking a writ of habeas corpus. The district court denied the petitions, and Roybal appeals.

## D E C I S I O N

Roybal appeals the district court's decision denying his habeas petitions, arguing that imposing 45 days of extended incarceration violates his constitutional rights. Roybal bears the burden of proving that his detention is illegal. *See Breeding v. Swenson*, 240 Minn. 93, 97, 60 N.W.2d 4, 7 (1953). We rely on the district court's fact findings if they

are supported by the evidence, and we review legal questions de novo. *Aziz v. Fabian*, 791 N.W.2d 567, 569 (Minn. App. 2010).

The commissioner rightly acknowledges that the department of corrections must afford due process before extending Roybal's supervised release date. *See Carrillo v. Fabian*, 701 N.W.2d 763, 773 (Minn. 2005). Roybal argues that he did not receive due process because the evidence does not show that he violated any prison rule. The hearing officer found that he violated rule 511. An inmate violates this rule by refusing chemical-dependency treatment after being directed to participate by a program review team. Minn. Dep't of Corr., *Offender Discipline Rules* (2013). The record demonstrates that a program review team directed Roybal to follow the recommendations of a chemical-dependency assessment, his 2012 assessment indicated his "high need" for treatment, and he refused to return to treatment after failing to complete it. Sufficient evidence therefore supports the finding that Roybal refused treatment directed by his program review team.

Roybal makes other unconvincing arguments. He argues that the 2012 assessment no longer provided an "active" recommendation because a department policy governing community-based treatment programs indicates that assessments should be updated every six months. *See* Minn. Dep't of Corr., *Division Directive 203.0152* (2013); *see also* Minn. R. 9530.6615, subp. 1(E) (2013). The policy does not indicate that it applies to a secured-facility program, like the one offered to and refused by Roybal, so the argument fails. We also reject Roybal's argument that prison staff improperly failed to share current information about his diagnosis; Roybal offers no legal or logical support suggesting how the alleged failure would invalidate his 2012 assessment. He also

3

unpersuasively contends that prison therapist Jason Starkson violated a law requiring an adequate basis for assessments, citing Minnesota Statutes section 148F.18, subdivision 1 (2014). But there is no evidence that Starkson played any role in the 2012 assessment.

Roybal argues that he was denied due process because he was not permitted to call two witnesses at his hearing or read his prepared collection of legal authorities. Framing an inmate's due process challenge requires us to balance his interests against the prison's needs, taking into consideration the risk of error. *Wolff v. McDonnell*, 418 U.S. 539, 566–67, 94 S. Ct. 2963, 2979–80 (1974). An inmate has no general right to confront witnesses in a prison disciplinary case, and we will not reverse based on that claimed right as long as procedures provide adequate bases for the decision. *Id.* at 567–68, 94 S. Ct. at 2980. Roybal wanted to ask Starkson about the validity of the 2012 assessment. Prison officials have broad discretion to exclude irrelevant or unnecessary testimony. *Id.* at 566, 94 S. Ct. at 2980. The hearing officer rejected Roybal's request, determining that Starkson's testimony was irrelevant. Roybal makes no convincing challenge to this determination. He made no record of what he intended to ask the other witness, and so we cannot consider the argument any further.

We also have no ground to reverse on Roybal's complaint that the hearing officer refused to allow him to complete his recital of a list of legal authorities. After listening to Roybal begin, the hearing officer found that Roybal was off track and that the referenced authorities were irrelevant. Roybal gives us no reason to reach a different conclusion.

Roybal also asserts that he should have been allowed to ask witnesses whether he would have been required to make incriminating statements about his conviction during

4

the treatment program. But he did not suggest this line of inquiry until months after the hearing. The contention therefore fails. He similarly argues that extending his prison term for his refusing to enter the treatment program violated his privilege against self-incrimination because, he alleges, the program would have required him to discuss his 2012 conviction, which was still on appeal when he refused treatment. His legal premise has some merit. *See* U.S. Const. amend. V; Minn. Const. art. I, § 7; *Johnson v. Fabian*, 735 N.W.2d 295, 309–10 (Minn. 2007). But Roybal identified no evidence that the treatment program he declined would have required any offending self-incriminating statements.

Roybal has moved us to expedite our decision because he will soon reach his new supervised-release date. We may expedite a decision on a showing of good cause. Minn. App. Spec. R. Pract. 1. Roybal shows no good cause. He prolonged the proceedings by making redundant habeas petitions—three in total with his last one being filed more than two months after his first. At the time of our decision, the appeal is not moot. We deny the motion to expedite our decision.

**Affirmed.**