*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0145**

John Excel Arradondo, petitioner,
Appellant,

vs.

Tom Roy, Commissioner of Corrections,
Respondent.

**Filed September 6, 2016
Affirmed
Smith, Tracy M., Judge**

Anoka County District Court
File No. 02-CV-15-3540

John Excel Arradondo, Lino Lakes, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Rachel E. Bell, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Larkin, Presiding Judge; Smith, Tracy M., Judge; and Klaphake, Judge.*

## UNPUBLISHED OPINION

**SMITH, TRACY M.**, Judge

Appellant John Excel Arradondo challenges the district court's denial of his petition for a writ of habeas corpus. Because Arradondo cannot challenge his original

_____

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

sentence through a habeas corpus petition and the record contains no evidence that the Minnesota Department of Corrections (DOC) failed to properly administer Arradondo's sentence or violated Arradondo's due-process rights, we affirm.

**FACTS**

Following charges that he entered a home without permission and sexually assaulted a woman and her teenage daughter, Arradondo pleaded guilty to one count of third-degree criminal sexual conduct and was sentenced to 36 months in prison and 10 years of conditional release. He was also required to register as a predatory offender.

After completing his term of imprisonment and his supervised-release term, Arradondo began serving his ten-year conditional-release term.[1] Some two years later, the DOC revoked Arradondo's release for 60 days because he had lost his housing as a result of a tornado. Following that revocation, Arradondo was released again, subject to new conditions.

In September 2014, Arradondo was apprehended for alleged violation of release conditions, and the DOC provided Arradondo with notice of a revocation hearing. The DOC alleged that Arradondo had violated the conditions of his release by (1) being terminated from outpatient sex-offender treatment; (2) possessing a smart phone; (3) possessing pornographic images on the smart phone; (4) using social media; (5) drinking alcohol; and (6) failing to inform his agent of a sexual relationship. At the revocation hearing, Arradondo was represented by a public defender and admitted that he violated several conditions of his release. The DOC determined that Arradondo's sex-

---

[1] Arradondo's conditional-release term is set to expire on September 5, 2018.

offender treatment should be completed in custody and revoked Arradondo's release for 270 days.

In June 2015, the DOC held a hearing to assess Arradondo's progress and extended Arradondo's revocation by 365 days to allow him to complete sex-offender treatment in custody. Arradondo then filed a petition for a writ of habeas corpus in district court. The district court denied Arradondo's habeas corpus petition without a hearing, determining that (1) Arradondo's due-process rights were not violated; (2) supervised and conditional release do not violate ex post facto principles; (3) Arradondo's conditions of release do not violate the prohibition against double jeopardy; and (4) Arradondo cannot challenge his original sentence through a petition for habeas corpus.

Arradondo appeals.

## DECISION

A writ of habeas corpus is a statutory remedy that allows an inmate "to obtain relief from imprisonment or restraint." Minn. Stat. § 589.01 (2014). The petitioner bears the burden to show the illegality of his detention. *State ex rel. Pollard v. Roy*, 878 N.W.2d 341, 343 (Minn. App. 2016), *review granted* (Minn. June 29, 2016). "The district court's findings in ruling on a petition for habeas corpus are entitled to great weight and will be upheld if reasonably supported by the evidence." *Rud v. Fabian*, 743 N.W.2d 295, 297 (Minn. App. 2007). But we review questions of law, including the interpretation and application of a statute, de novo. *Pollard*, 878 N.W.2d at 343-44; *Rud*, 743 N.W.2d at 298.

3

**A.     Challenge to Original Sentence**

Throughout his brief, Arradondo challenges the legality of his original sentence, specifically the ten-year conditional-release term and the predatory-offender-registration requirement.  But habeas corpus "may not be used as a substitute for . . . [an] appeal; as a motion to correct, amend, or vacate; or as a cover for a collateral attack upon a judgment." *Breeding v. Swenson*, 240 Minn. 93, 96, 60 N.W.2d 4, 7 (1953).  Arradondo cannot challenge his original sentence through a petition for habeas corpus.  *See id.*

Moreover, Arradondo is incorrect that his original sentence was unlawful.  At the time of Arradondo's offense, Minnesota required a sex offender to serve a ten-year conditional-release term following completion of the offender's executed sentence, *see* Minn. Stat. § 609.3455, subd. 6 (Supp. 2005); *Pollard*, 878 N.W.2d at 343, and required the offender to register as a predatory offender, *see* Minn. Stat. § 243.166, subd. 1b (Supp. 2005).  Imposing these requirements therefore did not unlawfully increase Arradondo's penalty, as he suggests.  Arradondo's original sentence was proper.

**B.     Challenge to Implementation of Sentence**

Arradondo also challenges the DOC's implementation of his sentence.  Judicial review of the DOC's implementation of a sentence may be obtained through a petition for a writ of habeas corpus.  *State v. Schnagl*, 859 N.W.2d 297, 303 (Minn. 2015).  Although it is not clear from his brief, Arradondo appears to assert that the DOC lacked authority to revoke his release because his two-thirds term of imprisonment represents his "mandatory maximum sentence."  We disagree.

Arradondo's sentence consists of (1) a term of imprisonment; (2) a supervised-release term; and (3) a conditional-release term. *See* Minn. Stat. § 244.101, subd. 1 (2004) (explaining that an executed sentence consists of a term of imprisonment and a supervised-release term); Minn. Stat. § 609.3455, subd. 6 (requiring sex offenders to serve a ten-year conditional-release term). The term of imprisonment therefore represents only one part of Arradondo's sentence and not his "mandatory maximum sentence." In addition, the DOC "may not dismiss an offender on conditional release from supervision until the offender's conditional release term expires." Minn. Stat. § 609.3455, subd. 8(a) (Supp. 2005). The DOC retains authority to implement Arradondo's sentence and cannot dismiss Arradondo's conditional release, as Arradondo requests, until his conditional-release term expires. *See id.*

Although Arradondo generally challenges the revocation of his conditional release, he does not challenge any specific condition of his release or the DOC's determination that he violated those conditions. The DOC has "broad discretion" when imposing release conditions and making release decisions. *State v. Schwartz*, 628 N.W.2d 134, 142 n.4 (2001); *see* Minn. Stat. § 609.3455, subd. 8(b) (Supp. 2005) (stating that the DOC may impose any conditions it "considers appropriate"). When an offender fails to meet a condition of release, the DOC may revoke conditional release "and order that the offender serve all or a part of the remaining portion of the conditional release term in prison." Minn. Stat. § 609.3455, subd. 8(b). Given Arradondo's admission that he failed to observe several conditions of his release, the DOC had the authority to revoke Arradondo's conditional release and order him to "serve all or a part of the remaining

5

portion of the conditional release term in prison." *See id.* The record contains no evidence that the DOC improperly administered Arradondo's sentence.

## C. Due Process

Finally, Arradondo argues that the DOC's decision to revoke his conditional release and his continuing confinement violate his due-process rights. A writ of habeas corpus "may . . . be used to raise claims involving fundamental constitutional rights." *State ex rel. Guth v. Fabian*, 716 N.W.2d 23, 26 (Minn. App. 2006), *review denied* (Minn. Aug. 15, 2006).

The revocation of parole or conditional release implicates a protected liberty interest. *State v. Beaulieu*, 859 N.W.2d 275, 280 (Minn. 2015), *cert. denied*, 136 S. Ct. 92 (2015); *see Morrissey v. Brewer*, 408 U.S. 471, 482, 92 S. Ct. 2593, 2601 (1972). The DOC must therefore provide an offender with due process of law when revoking release. Minn. Stat. § 244.05, subd. 2 (2014). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Beaulieu*, 859 N.W.2d at 280 (quotations omitted). To satisfy the due-process requirement, the DOC must provide (1) written notice of the claimed violations; (2) disclosure of the evidence against the offender; (3) the "opportunity to be heard in person and to present witnesses and documentary evidence"; (4) the opportunity to cross-examine adverse witnesses; (5) "a neutral and detached hearing body"; and (6) a written statement detailing the evidence relied upon and the reasons for revoking release. *Id.* (quoting *Morrissey*, 408 U.S. at 489, 92 S. Ct. at 2604) (quotation marks omitted).

Arradondo generally asserts that his due-process rights were violated, but alleges no violations of any of the above due-process requirements. Based on the record, we conclude that the DOC satisfied the due-process requirements because Arradondo received (1) written notice of the claimed violations; (2) disclosure of the DOC's evidence against him; (3) an opportunity to participate in the hearing and present evidence; (4) an opportunity to cross-examine witnesses; (5) a neutral hearing officer; and (6) a written summary of the DOC's decision. *See id.* And contrary to Arradondo's assertion, the revocation of conditional release was supported by facts in the record, as well as Arradondo's admission that he violated several conditions of his release. Finally, there is no evidence that the DOC failed to follow its own regulations, as Arradondo asserts. We can discern no violation of Arradondo's due-process rights.

**Affirmed.**