ROBERT LEE BREEDING v. L. F. UTECHT.[1]

April 10, 1953.

No. 36,024.

[1]Reported in 59 N. W. (2d) 314.

*Robert Lee Breeding, pro se.*

*J. A. A. Burnquist,* Attorney General, *Charles E. Houston,* Assistant Attorney General, for respondent.

DELL, JUSTICE.

The matter before us is an objection by respondent to the allowance of a proposed amendment filed in this court to relator's application for a writ of habeas corpus originally filed in the district court of Washington county and respondent makes a motion here to strike the proposed amendment from the files in this proceeding.

From the judgment of conviction and sentence entered in the district court of Hennepin county on November 29, 1949, the following appears: On November 15, 1949, relator was arraigned in the district court of Hennepin county upon an information charging him with having committed the crime of robbery in the first degree. He entered a plea of not guilty. On November 29 he appeared in court, withdrew his plea of not guilty, and entered a plea of guilty to a charge of grand larceny in the second degree. An information was thereupon filed charging him with one prior conviction, and upon arraignment to that information he entered a plea of guilty. Relator was thereupon adjudged guilty by the court of grand larceny in the second degree and one prior conviction. As punishment for the offense, he was sentenced to confinement at hard labor in the state penitentiary at Stillwater until discharged by due course of law or by competent authority. The execution of the sentence was stayed, and relator was placed on probation for five years, the first year of probation to be served in the workhouse for the city of Minneapolis. At the bottom of the judgment it appears that on March 20, 1951, the stay of execution of sentence was vacated and thereupon, under the sentence imposed November 29, 1949, relator was committed to the penitentiary, where he has since been and is now confined. On October 17, 1952, relator applied to the district court of Washington county for a writ of

habeas corpus. Attached to his petition and made a part thereof is a copy of the information to which he pleaded guilty in the district court of Hennepin county and a copy of the judgment of his conviction entered upon his plea, including the sentence imposed by the court.

The petition of the relator for a writ of habeas corpus was denied by the district court of Washington county, and an appeal was thereupon taken by relator to this court. On January 27, 1953, relator filed in this court a proposed amendment to his petition for the writ of habeas corpus originally filed in the district court of Washington county. Respondent filed objections to the proposed amendment and moved to strike it from the files upon the ground that the facts stated therein are sham and contradict the judgment of conviction and sentence imposed on the relator by the district court of Hennepin county.

■ An application for a writ of habeas corpus is an independent proceeding to enforce a civil right. The writ may not be used as a cover for a collateral attack upon a judgment of a competent tribunal which had jurisdiction of the subject matter and of the person of the defendant. The fact that the petitioner has permitted the time to elapse for an appeal or writ of error gives him no right to use habeas corpus as a substitute.[2]

■ Where by a writ of habeas corpus petitioner seeks discharge from imprisonment under a sentence and commitment, habeas corpus proceedings involve a collateral attack on the sentence. The sentence is the judgment. The rules applicable to collateral attack on a judgment apply where a collateral attack is made on a sentence. Ordinarily, the only questions open to review on habeas corpus after conviction of a crime are whether the court had jurisdiction of the crime and the defendant; whether the sentence was authorized by law; and, in certain cases, whether defendant was denied fundamental constitutional rights. The writ may not be used as a substitute for a writ of error or appeal or a motion to

[2] State ex rel. Dunlap v. Utecht, 206 Minn. 41, 287 N. W. 229; State ex rel. Elms v. Brown, 149 Minn. 297, 183 N. W. 669.

correct, amend, or vacate nor as a means to collaterally attack the judgment. Where the sentence is imposed by a domestic court of general jurisdiction the writ reaches only those defects which appear on the face of the proceedings. Extrinsic evidence is not admissible to establish want of jurisdiction.[3]

Where a defendant is in custody by virtue of the final judgment of a competent court he cannot be released therefrom under a writ of habeas corpus. If he wishes to attack the proceedings for error or irregularity, he must do so by appeal, writ of error, or through motion.[4]

■ From the proceedings and return here it is clear that the court had jurisdiction of the crime and of the defendant, relator here, and that the sentence was authorized by law. The proposed amendment alleges that in the district court of Hennepin county on November 29, 1949, the county attorney "moved the court to set aside the said information and allow the relator to plead to a lessor charge, to-wit petit larceny from a building after dark." It further states "the defendant clearly stated * * * in open court that he was guilty of petit larceny, and that the specific charge of grand larceny in the second degree was not mentioned in open court, at said trial." It also states that upon arraignment the relator was not charged "for committing said crime of grand larceny in the second degree" and "was not informed of the nature of the offense." The proposed amendment, if allowed, would constitute a collateral attack upon the judgment. These and other allegations of the proposed amendment, unnecessary to state here, are in direct conflict with the judgment and sentence of the district court of Hennepin county attached to and made a part of relator's original petition

---

[3]Willoughby v. Utecht, 223 Minn. 572, 27 N. W. (2d) 779, 171 A. L. R. 535; State ex rel. Newman v. Wall, 189 Minn. 265, 249 N. W. 37; State ex rel. McDonald v. Riley, 116 Minn. 1, 133 N. W. 86; State ex rel. Kelly v. Wolfer, 119 Minn. 368, 138 N. W. 315, 42 L.R.A.(N.S.) 978; State ex rel. DuFault v. Utecht, 220 Minn. 431, 19 N. W. (2d) 706, 161 A. L. R. 1316.

[4]State v. Rudin, 153 Minn. 159, 189 N. W. 710; Peterson v. McAuliffe, 151 Minn. 467, 187 N. W. 226.

for the writ of habeas corpus and are sham. Under this situation, the amendment should not be allowed.

Respondent's motion is granted, and the proposed amendment filed in this court on January 27, 1953, is hereby stricken from the files.