**Norman A. EDSTROM, Appellant,**

v.

**STATE of Minnesota, Respondent.**

**No. 82–959.**

Supreme Court of Minnesota.

Nov. 12, 1982.

C. Paul Jones, Public Defender, and Mark F. Anderson, Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Robert W. Johnson, County Atty., Anoka, for respondent.

AMDAHL, Chief Justice.

This is an appeal by Norman A. Edstrom, age 36, from an order of the Anoka County District Court denying his petition for postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines pursuant to Minn.Stat. § 590.01, subd. 3 (Supp.1981). We affirm.

Pursuant to a guilty plea, petitioner was convicted in 1975 of the March 1975 aggravated rape of a young woman. He was sentenced to 30 years in prison, the maximum permitted for the crime of aggravated rape. Petitioner's sentence will expire in March of 1995. That is also his current release date.

In 1981 petitioner filed a petition seeking postconviction relief in the form of resentencing according to the Minnesota Sentencing Guidelines. The district court denied that petition. Petitioner concedes on appeal that the district court was justified in denying that petition.

However, petitioner raises a new issue, specifically, whether his 30-year sentence should be reduced to 20 years, which is the maximum permitted for criminal sexual conduct in the first degree. Minn.Stat. § 609.342 (1980). In support of this argument, petitioner cites *State v. Coolidge,* 282 N.W.2d 511 (Minn.1979). Normally, we would not consider this issue because it was not clearly raised in the trial court. However, in the interest of judicial economy, we address the issue and hold that *Coolidge* does not apply. In *Coolidge,* we ruled that a statute mitigating punishment is to be applied to acts committed before its effective date, as long as no final judgment has been reached, at least absent a contrary statement of intent by the legislature. In this case the legislature has clearly indicated its intent that the criminal sexual conduct statutes have no effect on crimes committed before the effective date of the act, August 1, 1975. Minn.Stat. § 609.351 (1980). The conduct underlying petitioner's aggravated rape conviction occurred in March of 1975.

Petitioner remains subject to the jurisdiction of the Commissioner of Corrections.

Affirmed.