**Norman Alvin EDSTROM,
Petitioner, Appellant,**

v.

**STATE of Minnesota, Orville Pung,
Commissioner, Department of
Corrections, Respondent.**

**No. C8–85–881**

Court of Appeals of Minnesota.

Dec. 3, 1985.

Norman Alvin EDSTROM, pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard D. Hodsdon, Sp. Asst. Atty. Gen., St. Paul, Robert W. Kelly, Stillwater, for respondent.

Considered and decided by POPOVICH, C.J., and WOZNIAK and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Norman Edstrom appeals from a trial court order denying his petition for a writ of habeas corpus. He contends that: 1) he is entitled to parole because the standard sentence under the current sentencing guidelines is less than the time he has already served; 2) the state's requirement that he successfully complete a sex offender treatment program prior to parole violates due process; and 3) the transfer of parole decision-making authority from the Minnesota Corrections Board to the Commissioner of Corrections violates the ex post facto clause of the United States Constitution Art. I, § 9. We affirm.

## FACTS

Norman Edstrom was convicted of the March 1975 aggravated rape of a twenty-year-old woman. He was sentenced in December 1975 to an indeterminate sentence of zero to thirty years in prison.

In 1981 Edstrom filed a petition for post-conviction relief, pursuant to Minn.Stat. § 590.01, subd. 3 (1982), requesting resentencing according to the Minnesota Sentencing Guidelines. The trial court denied his petition. Edstrom conceded on appeal to the Minnesota Supreme Court that the trial court was justified in denying the petition. *See Edstrom v. State,* 326 N.W.2d 10 (Minn.1982). In *Edstrom v. State,* the supreme court denied Edstrom relief on other grounds that he raised. The State Board of Pardons denied Edstrom's March 1983 request for commutation of his sentence. In 1984 he filed a petition for a writ of habeas corpus in federal court. The federal court returned Edstrom to state court to exhaust his state remedies. He then filed a petition for a writ of habeas corpus in the Minnesota district court.

In February 1979 Edstrom began the Lino Lakes sex offender treatment program. His participation was terminated after thirty days. The program supervisor, Dr. Nancy Steele, noted in a psychological report that he was "highly disruptive," had little understanding of how wrong his actions were, blames his victims and shows no signs of changing. He was eventually returned to Stillwater State Prison in 1981 for a major rules violation.

The Minnesota Corrections Board (MCB) rescinded Edstrom's target release date on March 19, 1980, because he had failed to participate in a sex offender treatment program and the MCB still considered him dangerous. His current release date is June 9, 1995, which the MCB set as the expiration date of his sentence.

The Commissioner of Corrections requires that persons convicted of criminal sexual conduct participate in a sex offender's program as a prerequisite to parole consideration. In a July 7, 1982 memorandum, Minnesota Corrections Commissioner Orville Pung stated that Edstrom was not a good candidate for treatment at the Minnesota Security Hospital because he would not accept the rules and responsibilities of a patient inmate. In August 1984 Edstrom was interviewed for admission to the Minnesota Correctional Facility Oak Park Heights sex offender treatment program

and he refused to participate, according to program director Dr. William Steele.

Edstrom contends that his constitutional right to due process has been violated because the State requires him to successfully complete sex offender treatment before it will consider him for parole but the State refuses to admit him into any program. He claims that prison authorities will not permit him to undergo treatment because he is unable to read or write. He also alleges that the state legislature's decision to abolish the Minnesota Corrections Board (MCB) and transfer the MCB's parole authority to the Commissioner of Corrections violated the ex post facto clause of the United States Constitution, Art. I, § 9.

In an order issued November 27, 1984, the trial court found that the transfer of parole authority from the MCB to the Commissioner of Corrections did not violate Edstrom's substantive rights. The trial court also found that a hearing was necessary to determine why Edstrom was unable to participate in the sex offender treatment program. The hearing on this issue was held on December 17, 1984. On April 8, 1985, the order and judgment were entered finding that Edstrom was not being denied sex offender treatment due to his inability to read and write. Edstrom appeals from this April 8, 1985, order and judgment.

### ISSUES

1. Is appellant entitled to parole where he has served a preguidelines sentence that is longer than the applicable guidelines sentence?

2. Does the state's requirement that appellant successfully complete a sex offender treatment program prior to parole violate due process?

3. Is appellant's ex post facto claim properly before this court?

### ANALYSIS

#### I.

Edstrom argues that he is entitled to parole because he has served more than the presumptive guidelines sentence (113 months). In *Edstrom v. State*, 326 N.W.2d 10 (Minn.1982), Edstrom sought relief from the supreme court because the trial court, in a post-conviction proceeding, refused to resentence him according to the guidelines. On appeal, however, Edstrom conceded that the trial court was justified in denying his resentencing petition. *Id. See also* Minnesota Sentencing Guidelines and Commentary II.A.02 (sentencing guidelines should not be used when the date of offense is on or before April 30, 1980).

Edstrom's present request appears to be merely an extension of his earlier petition. Instead of seeking to use the sentencing guidelines for resentencing, he now seeks to use them to obtain parole. This resort to the guidelines must also fail. Minn.Stat. § 609.12, subd. 1 (1984) states, in relevant part, as follows:

> A person sentenced to the commissioner of corrections for imprisonment for a period less than life may be paroled or discharged at any time without regard to length of the term of imprisonment which the sentence imposes when in the judgment of the commissioner of corrections, and under the conditions he imposes, the granting of parole or discharge would be most conducive to his rehabilitation and would be in the public interest.

Minn.Stat. § 609.12, subd. 1 (1984).

Thus, the discretion to release Edstrom on parole rests with the Commissioner of Corrections. The Commissioner requires that Edstrom successfully complete a treatment program for sex offenders before he will again be considered for parole release. The sentencing guidelines provide no appropriate basis upon which to ground release of Edstrom on parole.

#### II.

Edstrom next contends that prison authorities violated his due process rights by refusing to place him in a sex offender's treatment program because he cannot read or write. This contention was the subject of a hearing held subsequent to the denial of the other habeas corpus issues raised by

Edstrom. The trial court found no merit in Edstrom's due process argument.

In reviewing the denial of a writ of habeas corpus, the court's primary concern is whether the petitioner has been denied fundamental constitutional rights. *State v. Tahash*, 269 Minn. 1, 129 N.W.2d 903 (1964). The petitioner in a habeas corpus proceeding bears the burden of showing the illegality of his detention. *Breeding v. Swenson*, 240 Minn. 93, 97, 60 N.W.2d 4, 7 (1953). Edstrom has shown no evidence that he has been denied any fundamental constitutional right or that his detention is illegal. The only evidence he presented at the hearing, other than his own assertions, was an affidavit from a social worker who had read a written biography Edstrom prepared while at Lino Lakes.

In contrast to the scant evidence presented by Edstrom, the hearing record is filled with letters, reports and memoranda from caseworkers, physicians, psychologists and prison officials. It also includes the Commissioner's advisory panel's recommendation that Edstrom's release date remain set for 1995 if he does not successfully complete treatment. All of these sources describe Edstrom as "dangerous" and unamenable to treatment.

Parole decision-making authorities have broad discretion both in determining whether to grant parole and in setting the conditions of parole. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668. Our judicial review of such parole decisions is limited to determining whether there has been a clear abuse of that discretion. *State v. Austin*, 295 N.W.2d 246, 249 (Minn.1980). Findings of a trial court in a habeas corpus appeal shall be given the same weight as in other cases. Such findings shall be sustained if they are reasonably supported by the evidence. *Tureson v. Tureson*, 281 Minn. 107, 112, 160 N.W.2d 552, 556 (1968).

The trial court issued detailed and specific findings after Edstrom's due process hearing. These findings included the following: (1) petitioner can read and write;

(2) petitioner refused to participate in the Oak Park Heights sex offender treatment program; and (3) petitioner repeatedly refused and subverted attempts to get him into treatment. The trial court concluded that Edstrom is not being denied sex offender treatment due to his inability to read and write but due to his own refusal.

There is substantial evidentiary support for the court's findings. Further, the record indicates that Edstrom was a sexual predator of children, that he violently assaulted numerous people over a period of several years, and that without extensive treatment he would be likely to continue this behavior. The requirement that Edstrom successfully undergo sex offender treatment before he is released is reasonable and certainly within the discretion of the Commissioner of Corrections.

The facts do not support Edstrom's allegations that he is being denied treatment because he cannot read or write. He is responsible for his parole situation. Authorities have followed applicable statutory and constitutional principles in dealing with him.

### III.

■ The issue of whether the transfer of parole authority from the MCB to the Commissioner of Corrections violates the ex post facto clause was addressed and decided in the trial court's order of November 27, 1984. Edstrom has not appealed from this order. His appeal is taken only from the trial court's order of April 8, 1985, which addressed the issue of why he was not receiving sex offender treatment. Therefore, the ex post facto issue Edstrom now seeks to have this court review has not been properly preserved for appeal.

■ Even if we were able to address the ex post facto argument on its merits, we would conclude that Edstrom is premature in raising that issue. The facts show that he has not completed the requisite treatment to warrant review of his release date under the authority of either the MCB or the Commissioner of Corrections.

94

## DECISION

The trial court did not abuse its discretion in denying appellant's habeas corpus petition. Appellant's ex post facto claim is beyond this court's scope of review.

Affirmed.