Norman Alvin EDSTROM,
Petitioner, Appellant,

v.

STATE of Minnesota, Orville Pung,
Commissioner, Department of
Corrections, Respondent.

No. C8-85-881.

Supreme Court of Minnesota.

May 9, 1986.

Norman Alvin Edstrom, pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard D. Hodson, Sp. Asst. Atty. Gen., St. Paul, for respondent.

AMDAHL, Chief Justice.

Norman Alvin Edstrom, who is serving a 30-year sentence imposed in 1975 for rape, seeks habeas corpus. It appears that the Federal District Court dismissed Edstrom's petition for habeas corpus because of failure to exhaust state remedies. Edstrom then filed a petition in state district court. The Minnesota Court of Appeals, 378 N.W.2d 90, affirmed the order of the district court denying relief. Specifically, the Court of Appeals held (1) that petitioner—who is serving a pre-Guidelines sentence that he was unable to get reduced in a postconviction relief proceeding pursuant to Minn.Stat. § 590.01 (1982), *see Edstrom v. State*, 326 N.W.2d 10 (Minn.1982)—is not entitled to parole simply because he has spent more time in prison than he would have if he had received a Guidelines sentence; (2) that the requirement imposed by the Board of Corrections—and reaffirmed by the Commissioner of Corrections as successor to the board—that he successfully complete a sex offender treatment program if he wants to be paroled before his sentence expires does not violate due process; and (3) that (a) he failed to preserve his claim that transferring the authority of the board to the commissioner violated the ex post facto clause of the United States Constitution and (b) in any event, the claim is without merit. Although the pro se petition to this court for review was untimely, we granted the petition for the limited purpose of making it clear that petitioner would not be entitled to relief even if the petition had been timely.

The only holding of the Court of Appeals that appears possibly subject to reasonable dispute is that petitioner failed to preserve the ex post facto claim. Petitioner raised this claim in a habeas corpus petition. The district court filed an order rejecting it but granting petitioner an evidentiary hearing on whether he was being denied participation in sex offender treatment programs because he could not read or write. Petitioner did not appeal from the order but

waited and appealed from the order filed after the evidentiary hearing was completed. One could argue that it was proper for petitioner to wait for the second order and that his pro se notice of appeal from that order was sufficient to allow him to raise the ex post facto claim in the Court of Appeals. However, although ruling that petitioner failed to preserve this claim, the Court of Appeals also ruled that the claim was without merit, a ruling with which we agree.

The rule in federal habeas corpus proceedings is that relief is unavailable to a state prisoner who has failed to abide by the state's procedural rules of forfeiture and default, absent a showing of cause and actual prejudice. *Reed v. Ross*, 468 U.S. 1, 104 S.Ct. 2901, 2908, 82 L.Ed.2d 1 (1984), *relied on in Case v. State*, 364 N.W.2d 797, 800 (Minn.1985). This is not petitioner's first challenge to the legality of his continued confinement pursuant to the 1975 conviction. In *Edstrom v. State*, 326 N.W.2d 10 (Minn.1982), we affirmed the denial of postconviction relief in the form of resentencing. Petitioner's current attempt to obtain his early release without complying with the commissioner's reasonable requirement that he successfully complete a sex offender treatment program in reality is but an attempt to circumvent our earlier decision denying postconviction relief.

Affirmed.