**Raymond Arthur CASE, Jr., Appellant,**

v.

**Orville B. PUNG, Commissioner of Corrections, et al., Respondent.**

**No. C8–87–1288.**

Court of Appeals of Minnesota.

Oct. 6, 1987.

Review Denied Nov. 24, 1987.

Raymond Arthur Case, Jr., pro se.

Hubert H. Humphrey, III, Atty. Gen., Richard L. Varco, Jr., Sp. Asst. Atty. Gen., St. Paul, for respondent.

Considered and decided by NORTON, P.J., and MULALLY and LOMMEN, JJ.,* with oral argument waived.

### OPINION

MULALLY, Judge.

Appellant Raymond Arthur Case, Jr. petitioned the trial court for a writ of habeas corpus. The trial court denied his petition, and he appeals to this court.

* Acting as judge of the Court of Appeals by ap-    pointment pursuant to Minn. Const. art. 6, § 2.

## FACTS

Appellant was convicted of assault in the first degree and was sentenced on December 15, 1986 to a term of 120 months. His conviction was recently affirmed in *State v. Case*, 412 N.W.2d 1 (Minn.Ct.App.1987). The district court remanded him to the custody of the Commissioner of Corrections at Stillwater. Appellant was then transferred from the Minnesota Correctional Facility at Stillwater to the Oak Park Heights Correctional Facility.

Appellant first petitioned for a writ of habeas corpus on February 20, 1987. He asserted his transfer to Oak Park Heights was made without due process of law, and that he should remain at Stillwater because the district court decided at sentencing he would be transferred there. On March 3, 1987, the district court denied his petition.

On Saturday, March 7, 1987, appellant was confined to segregation at Oak Park Heights. On March 8 he received a copy of his worksheet, and on March 9 he received formal notice from the Due Process Unit. A disciplinary hearing was held on Wednesday, March 11, 1987, on appellant's claim that he received inadequate notice of his disciplinary violation. On March 27, 1987, he was sentenced to 405 days in disciplinary segregation.

Appellant petitioned the district court on May 13, 1987 for a writ of habeas corpus. He alleged his procedural due process rights were violated by the Oak Park Heights officials' failure to provide him with formal notice of his violation within 24 hours, and that the officials improperly failed to award him good time during his disciplinary segregation. He also reiterated his claim that the transfer from Stillwater to Oak Park Heights violated his fourteenth amendment liberty interests. The trial court decided appellant was not entitled to a writ or an evidentiary hearing on the evidence presented at the hearing. It determined his due process rights were not violated, he was properly sentenced to punitive segregation, and the prison officials properly did not award him good time during the punitive segregation. As to his claim that the transfer from Stillwater to Oak Park Heights violated his fourteenth amendment liberty interests, it noted that appellant had filed a petition on this issue previously, and that the court had issued a final order, from which appellant could appeal pursuant to Minn.Stat. § 589.29.

Case appeals from the order of June 17, 1987.

## ISSUES

1. Were appellant's due process rights violated in regards to his disciplinary segregation?

2. Were appellant's procedural due process rights violated when he was transferred from Stillwater to Oak Park Heights?

## ANALYSIS

1. In reviewing a denial of a petition for a writ of habeas corpus, the court's primary concern is whether the petitioner has been denied fundamental constitutional rights. *Edstrom v. State*, 378 N.W.2d 90, 93 (Minn.Ct.App.1985), *aff'd*, 386 N.W.2d 708 (Minn.1986). The burden is on the petitioner to show the illegality of his detention. *Id.*, 378 N.W.2d at 93. The findings of the court will be sustained if reasonably supported by the evidence. *State v. Morse*, 398 N.W.2d 673, 680 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Feb. 18, 1987).

Appellant asserted below that his procedural due process rights were violated because Oak Park Heights officials failed to provide him with timely notice of his violation. He apparently does not challenge on appeal the trial court's decision that the notice was sufficient. On the record before the court it appears the trial court's decision was correct.

█ Appellant's main challenge concerns the failure to award him good time during his 405 day punitive segregation sentence. Minn.Stat. § 244.04, subd. 1 (1986) provides that an inmate may have his term of imprisonment:

> reduced in duration by one day for each two days during which the inmate violates none of the disciplinary offense rules promulgated by the commissioner.
> * * *

Except as otherwise provided in subdivision 2, if an inmate violates a disciplinary offense rule promulgated by the commissioner, good time earned prior to the violation may not be taken away, but *the inmate may be required to serve an appropriate portion of the term of imprisonment after the violation without earning good time.*

(Emphasis added.) Subdivision 2 provides that an individual disciplinary offense shall not result in the loss of more than 90 days of good time; however, an inmate in segregation for violation of a disciplinary rule for which the inmate could also be prosecuted under the criminal laws may not earn good time while in segregation. *Id.* The loss of good time is a disciplinary sanction and the procedure and the rights of the inmate are those which are in effect for the imposition of other disciplinary sanctions. *Id.; see Wolff v. McDonnell,* 418 U.S. 539, 557, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974). The district court determined that the prison officials properly did not award appellant good time during his 405 day punitive segregation sentence. We do not have any facts before us which would show this was error or that the procedures were not in accordance with his due process rights.

■ Appellant also apparently argues the trial court erred in failing to allow him to have an evidentiary hearing. However, a habeas corpus hearing is not needed when the petitioner has not alleged sufficient facts to constitute a prima facie case for relief. *Sanders v. State,* 400 N.W.2d 175, 176 (Minn.Ct.App.1987), *pet. for rev. denied* (Minn. Apr. 17, 1987).

2. Appellant also asserted that his transfer from the Stillwater to Oak Park Heights was in violation of his procedural due process rights. This issue was decided in the district court order of March 3, 1987; the appeal in this case was taken from the order of June 17, 1987. Minn.Stat. § 589.-29 (1986) provides that a party aggrieved by a final order in proceedings upon a writ of habeas corpus may appeal to the court of appeals as in other civil cases. An appeal from an order may be taken within 30 days after service by the adverse party of written notice of filing. Minn.R.Civ.App.P. 104.01. Appellant did not appeal from the earlier order, and it is doubtful whether such an appeal is timely.

■ In any event, the sentencing court does not determine the place of confinement. It commits to the custody of the Commissioner of Corrections at the correctional facility designated as the place of reception for persons of the age of the committed person. In appellant's case, this was Stillwater. The Commissioner of Corrections has the power:

To determine the place of confinement of committed persons in a correctional facility * * *.

Minn.Stat. § 241.01, subd. 3a(b) (1986). Minn.Stat. § 609.105, subd. 2 (1986) provides:

The commissioner of corrections shall determine the place of confinement in a prison, reformatory, or other facility of the department of corrections established by law for the confinement of convicted persons and prescribe reasonable conditions and rules for their employment, conduct, instruction, and discipline within or without the facility.

The statute allows the Commissioner to determine the place of confinement, and no pretransfer hearing is required.

### DECISION

The order of the trial court denying appellant's petition for a writ of prohibition is affirmed.

Affirmed.