*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-2203**

Ronald Dallmann, petitioner,
Appellant,

vs.

Tom Roy,
Respondent.

**Filed June 22, 2015
Affirmed; motion denied
Reyes, Judge**

Washington County District Court
File No. 82CV145895

Ronald Dallmann, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Reyes, Presiding Judge; Bjorkman, Judge; and Hooten, Judge.

## UNPUBLISHED OPINION

**REYES**, Judge

This case arises from appellant Ronald Dallmann's petition for a writ of habeas corpus to review the district court's dismissal of his request for in forma pauperis (IFP) status. The district court dismissed the request as being substantially similar to a previous IFP request. We affirm on other grounds.

**FACTS**

In 2003, appellant pleaded guilty to first-degree driving while intoxicated (DWI) and was sentenced to 42 months in the custody of Department of Corrections (DOC), stayed for a probation term of seven years. In June 2008, his 42-month sentence was executed due to probation violations, with a five-year term of conditional and supervised release to begin upon his release from prison. In 2009, appellant was released from prison and started the supervised and conditional-release portion of his sentence, set to expire on September 9, 2014. Appellant's conditions of release included the requirement that he not use or possess alcohol.

In February 2011, while on conditional and supervised release, appellant pleaded guilty to first-degree DWI. Appellant was sentenced to 54 months, with 36 months in prison and 18 months as a supervised-release term, with another five-year conditional-release term, both to begin upon his release from prison on the new DWI conviction. In March 2011, a hearing officer with the DOC Hearings and Release Unit (HRU) found that appellant had violated the conditions of his release on the 2003 conviction by getting a new DWI conviction. Based on this violation, the officer revoked appellant's conditional release and ordered that he be returned to prison until the supervised-released date of the new offense. Once returned to prison, appellant served the conditional-release period on his 2003 DWI conviction (due to the revoked conditional release) and the 36 months on his 2011 DWI conviction.

In 2013, appellant was again released from prison and started the 18-month supervised release and conditional-release portion of his 2011 conviction. One of

2

appellant's conditions of release was the requirement to abstain from using or possessing alcohol. His conditional release for the 2011 conviction is set to expire in December 2018.

On February 27, 2014, a hearing officer with the HRU found that appellant had violated the conditions of his supervised and conditional release by continuing to use alcohol. This hearing stemmed from an arrest that took place on February 17, 2014. Appellant admitted to the violation. The hearing officer revoked appellant's release and ordered that he be returned to prison for 180 days. The 180 days was not a guaranteed release date, but rather a projected release date, which could be shortened if he was successful in chemical-dependency treatment or extended for violation of prison rules.

On September 18, 2014, appellant filed a petition for a writ of habeas corpus and an application to proceed IFP. Appellant challenged the February 2014 HRU decision, alleging that the 180 day re-imprisonment violated Minn. Stat. § 244.30 (2014), which caps a first-time revocation of supervised release at 90 days. Respondent filed a brief arguing that appellant's February 2014 revocation was not his first revocation and that appellant did not qualify for the 90-day cap. Appellant filed a reply brief in which he admitted that it was not his first revocation but argued that he must be released because his time served had extended past the September 9, 2014 expiration date of his five-year conditional-release period stemming from his 2003 conviction. The district court denied appellant's IFP petition and dismissed his habeas action as having no arguable basis in law or fact because appellant admitted that the 90-day cap did not apply. The district

3

court further stated that it would not consider the other claims in appellant's reply brief because appellant failed to amend his complaint to allege those claims.

On December 4, 2014, appellant filed a second petition for a writ of habeas corpus and again sought to proceed IFP. Appellant argued that he was unlawfully detained because his five-year conditional-release period for the 2003 conviction expired on September 9, 2014. On December 8, 2014, the district court denied the IFP petition and dismissed the underlying habeas action with prejudice, stating that it was substantially similar to appellant's previous action, which resulted in adjudication on the merits. This appeal followed.

## D E C I S I O N

Appellant argues that the district court abused its discretion in denying his petition to proceed IFP in his habeas corpus action, alleging that his detainment was (1) unlawful; (2) exceeded the 90-day cap; and (3) violated his constitutional rights. Appellant also filed a motion to expedite our decision. We consider each argument in turn.

I.     **The district court did not abuse its discretion in denying appellant's second IFP petition and dismissing his petition for a writ of habeas corpus.**

A writ of habeas corpus is a civil remedy by which a person can obtain relief from unlawful restraint or imprisonment. *See* Minn. Stat. § 589.01-.35 (2014); *see also Breeding v. Swenson*, 240 Minn. 93, 96, 60 N.W.2d 4, 7 (1953) (holding that habeas corpus "is a civil remedy, separate and apart from the criminal action"). A petition for a writ of habeas corpus may be used to obtain relief only for constitutional violations or jurisdictional defects, not for violations of statutes or other laws. *Beaulieu v. Minn. Dep't*

4

*of Human Servs.*, 798 N.W.2d 542, 547-48 (Minn. App. 2011), *aff'd on other grounds*, 825 N.W.2d 716 (Minn. 2013). "The burden is on the petitioner to show the illegality of his detention." *Case v. Pung*, 413 N.W.2d 261, 262 (Minn. App.1 987), *review denied* (Minn. Nov. 24, 1987). On review, "[t]he district court's findings in support of a denial of a petition for a writ of habeas corpus are entitled to great weight and will be upheld if reasonably supported by the evidence." *Aziz v. Fabian*, 791 N.W.2d 567, 569 (Minn. App. 2010). Questions of law, however, are subject to de novo review. *Id.*

The district court has broad discretion in authorizing IFP proceedings and it will not be reversed absent an abuse of discretion. *Maddox v. Dep't of Human Servs.*, 400 N.W.2d 136, 139 (Minn. App. 1987). An inmate may proceed IFP in a civil action if he satisfies specific statutory criteria. Minn. Stat. § 563.02, subd. 2 (2014). But the district court shall dismiss the petition with prejudice if the underlying action is frivolous or malicious. Minn. Stat. § 563.02, subd. 3(a) (2014). In determining whether an action is frivolous or malicious, the district court considers whether "(1) the claim has no arguable basis in law or fact; or (2) the claim is substantially similar to a previous claim that was brought against the same party, arises from the same operative facts, and in which there was an action that operated as an adjudication on the merits." *Id.*, subd. 3(b) (2014). Because the merits of an underlying claim are relevant to a decision on whether to grant IFP, we consider whether his claims are frivolous or malicious. *See Maddox*, 400 N.W.2d at 139.

We first note that the district court erred in determining that appellant's current IFP request should be dismissed because the underlying habeas action was "substantially

similar" to the habeas action in appellant's previous IFP request. The district court's order on appellant's first IFP petition and habeas action specifically limited its consideration to the argument that the imposition of 180 additional days should have been subject to the 90-day cap provision of section 244.30. Appellant's second IFP petition and habeas action acknowledged that the 90-day cap provision applied, but instead argued that respondent had no authority to hold him past the 180-day term or the conditional-release term of his 2003 conviction. Because these are two disparate arguments, appellant's second IFP request is not based on an action "substantially similar" to his first IFP request. Minn. Stat. § 563.02, subd. 3(b)(2). However, because appellant's petition could have been dismissed on the grounds that "the claim has no arguable basis in law or fact," Minn. Stat. § 563.02, subd. 3(b)(1), as discussed *infra*, we affirm the district court's order on other grounds. *See State v. Farnsworth*, 738 N.W.2d 364, 366 (Minn. 2007) (affirming this court's decision on grounds other than those given for the decision).

A. **Appellant was not unlawfully detained.**

Appellant first argues that respondent has no authority to imprison him past his conditional-release period from his 2003 DWI conviction, which expired on September 9, 2014. But appellant ignores his 2011 DWI conviction, which also carried a five-year conditional-release period and is not set to expire until December 2018. A first-degree DWI conviction carries a mandatory five-year conditional-release period to begin upon release from prison. Minn. Stat. § 169A.276, subd. 1(d) (2010). Respondent is required to impose any conditions of release that it "deems appropriate." *Id*. Furthermore, "[i]f

6

the person fails to comply with any condition of release, [respondent] may revoke the person's conditional release and order the person to serve all or part of the remaining portion of the conditional release term in prison." *Id.*

Here, appellant began his five-year conditional-release period for his 2011 conviction when he was released in 2013. One of the conditions of his release was that he abstain from using or possessing alcohol. At the February 2014 hearing, appellant admitted to violating this condition. This admission constitutes a violation of appellant's conditions of release for both the 2003 conviction (for which conditional release expired in September 2014) *and* the 2011 conviction (for which conditional release will expire in December 2018). Therefore, under section 169A.276, subdivision 1(d), respondent had the authority to revoke appellant's conditional release and order him to serve all or part of the remaining portion in prison, up to December 2018. The February 2014 order assigning an additional 180 days fell well within this authority.

While not made entirely clear by the parties, the record indicates that appellant was assigned an additional 365 days at an HRU hearing held on May 5, 2014. Appellant references this hearing and the additional 365 days in both his brief to this court and in his reply brief to the district court during his first habeas petition. DOC records corroborate this fact. And because appellant's alcohol use violated the conditions of release for his 2011 conviction—which, again, does not expire until December 2018— respondent was within its authority when it imposed an additional 365 days on May 5, 2014.

7

## B. The 90-day cap does not apply.

Appellant next argues that respondent's imposition of an additional 365 days was improper because it exceeded the 90-day cap for first-time supervised-release violations. Specifically, appellant contends that the penalty for his February 17, 2014 arrest, *as it relates to his 2011 conviction*, should have been capped at 90 days. Appellant's argument fails for two reasons.

First, appellant brings this argument for the first time on appeal. "A reviewing court must generally consider only those issues that the record shows were presented and considered by the trial court in deciding the matter before it." *Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988) (quotation omitted). In his brief to the district court, appellant argued that respondent had no authority to hold him past the completion of the 180 additional days and the expiration of the conditional period for his 2003 conviction. Appellant made no argument relating to a May 5, 2014 hearing or that any further time for his 2011 conviction should be capped at 90 days. Because this argument is brought for the first time on appeal, we do not consider it. *See id.*

Second, even if we were to consider the merits of appellant's current argument, it is unpersuasive. As previously stated, an individual convicted of first-degree DWI is subject to a five-year conditional-release term, which begins when the individual is "released from prison." Minn. Stat. § 169A.276, subd. 1(d). Minnesota law also provides for a supervised-release term, which begins "upon completion of the inmate's term of imprisonment." Minn. Stat. § 244.05, subd. 1b(a) (2014). This court has held that both the conditional-release term and the supervised-release term "begin upon the

8

offender's release from prison" and run concurrently. *Maiers v. Roy*, 847 N.W.2d 524, 529 (Minn. App. 2014), *review denied* (Minn. Aug. 19, 2014). Here, appellant's February 2014 violation occurred during the course of both his supervised-release term and his conditional-release term. Appellant argues that the language of Minn. Stat. § 244.30 requires that any additional time resulting from this violation must be capped at 90 days. But section 244.30 applies only to "first-time *supervised* release violations" and not to *conditional* release violations. Minn. Stat. § 244.30 (emphasis added). Because the two run concurrently, appellant was on conditional release during his February 2014 violation; therefore respondent was authorized to imprison him until the completion of appellant's conditional-release term in December 2018. *See Maiers*, 847 N.W.2d at 530 (concluding that where an appellant violated his conditions of release while on both supervised and conditional release, the DOC was authorized to re-imprison him until the expiration of his conditional-release term). The 90-day cap applies only to supervised-release violations—not conditional-release violations— and is therefore inapplicable here.

### C.   Appellant's constitutional rights were not violated.

Throughout his brief, appellant alleges a number of constitutional violations. While it is unclear what the exact allegations are, each argument will be addressed in turn.

#### 1.   Double Jeopardy and Due Process

In his brief to this court, appellant argues that (1) the constitution's prohibition against double jeopardy prevents having an HRU hearing for each of his convictions as

they pertain to the February 2014 violation and (2) appellant's due-process guarantees have been violated. These arguments are absent from appellant's brief to the district court. Because appellant raises both of these arguments for the first time on appeal, we will not consider them. *See Thiele*, 425 N.W.2d at 582 (holding that in general, a reviewing court must only consider issues that were presented to and considered by the district court).

### 2.      Cruel and unusual punishment

Appellant makes a general argument that being held after the expiration of his conditional-release term for the 2003 conviction constitutes cruel and unusual punishment. The Eighth Circuit has discussed the requirements for maintaining an action for violation of the Eighth Amendment's prohibition on cruel and unusual punishment:

> To sustain [a] claim [for violation of Eighth Amendment rights], [plaintiff] needs to show unnecessary and wanton infliction of pain, as well as a deprivation denying the minimal civilized measure of life's necessities. [Plaintiff] must also show that the defendants were deliberately indifferent to his health or safety and that they acted maliciously for the purpose of causing him harm.

*Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003) (quotations and citations omitted). Furthermore, the Minnesota Supreme Court has held that "[t]he minimal requisites of such a showing should include a verified statement detailing: (a) [t]he facts respecting the treatment claimed to be cruel and unusual; (b) the time and place of such treatment; and (c) the identity of the person or persons considered responsible for it." *State ex rel. Cole v. Tahash*, 269 Minn. 1, 8-9, 129 N.W.2d 903, 907-08 (1964).

10

Appellant has made no attempt at showing any of these elements. Instead, appellant only references cruel and unusual punishment when making arguments related to respondent's authority to imprison the appellant.[1] Therefore, we decline to address this argument on appeal. *See Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971) ("An assignment of error based on mere assertion and not supported by any argument or authorities in appellant's brief is waived and will not be considered on appeal unless prejudicial error is obvious on mere inspection.").

Because appellant failed to show that his detention was improper, we affirm the district court's dismissal of his IFP petition. *See Pung*, 413 N.W.2d at 262.

## II. Appellant's motion to expedite is denied.

Appellant filed a motion to expedite our decision. This court may expedite a case on a showing of good cause. Minn. App. Spec. R. Pract. 1. As a general matter, the law recognizes the importance of a timely decision in habeas appeals. *See* Minn. Stat. § 589.30 (2014) (requiring an appellate hearing between six and fifteen days from date of the appeal application); *see also id.* § 589.12 (2014) (stating that the judge shall examine the facts "[i]mmediately after the return of the writ" by the detaining authority).

Appellant argues that we should expedite our decision because appellant's "sentence fully expired." This argument is incorrect because, as previously explained, appellant's conditional-release term for his 2011 conviction does not expire until

---

[1] The merits of appellant's arguments relating to respondent's authority to imprison have been addressed above.

11

December 2018.  Because appellant has not shown good cause for expediting our decision, the motion is denied.

**Affirmed; motion denied.**