*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0817**

Jerry Duwenhoegger, Sr., petitioner,
Appellant,

vs.

State of Minnesota,
Respondent.

**Filed December 21, 2015
Affirmed
Larkin, Judge**

Washington County District Court
File No. 82-CV-15-1723

Jerry Duwenhoegger, Sr., Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Worke, Presiding Judge; Larkin, Judge; and Bjorkman, Judge.

# UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's denial of his application to proceed in forma pauperis and his accompanying petition for a writ of habeas corpus. We affirm.

**FACTS**

Appellant Jerry Duwenhoegger, Sr. was convicted of two counts of conspiracy to commit first-degree murder and sentenced to consecutive prison terms of 190 and 180 months. Duwenhoegger appealed to this court, raising several issues, including ineffective assistance of counsel. *State v. Duwenhoegger*, No. C5-99-1237, 2000 WL 821483, at *1 (Minn. App. June 27, 2000), *review denied* (Minn. Sept. 13, 2000). This court affirmed Duwenhoegger's convictions, but declined to reach the merits of his ineffective-assistance-of-counsel claim because "[t]he record before us does not explain the decisions of Duwenhoegger's trial counsel." *Id*. at *5. This court preserved Duwenhoegger's right to pursue a claim of ineffective assistance of counsel in a petition for postconviction relief. *Id*. Eight years later, this court issued an opinion affirming a denial of postconviction relief. *Duwenhoegger v. State*, No. A07-1484, 2008 WL 2966852, at *1 (Minn. App. Aug. 5, 2008), *review denied* (Minn. Oct. 21, 2008). In that case, Duwenhoegger "argue[d] that the district court erred by (1) imposing separate sentences for each count of conspiracy because his actions constituted a single behavioral incident with a single criminal objective and (2) failing to make written findings." *Id.*

In another case, Duwenhoegger was convicted of burglary, interference with a 911 call, and trespass. In his direct appeal, Duwenhoegger argued that "the jury instructions on the interference with a 911 call deprived him of his right to a unanimous verdict by allowing the jury to convict based on alternate theories of guilt." *State v. Duwenhoegger*, No. C3-99-569, 2000 WL 108903, at *1 (Minn. App. Feb. 1, 2000), *review denied* (Minn. Mar. 14, 2000). This court affirmed Duwenhoegger's convictions. *Id*. In 2008,

Duwenhoegger filed a motion to dismiss the charges, arguing that the district court did not have subject-matter jurisdiction. In a 2009 order opinion, this court treated Duwenhoegger's motion as a request for postconviction relief and affirmed the district court's order denying his motion. *Duwenhoegger v. State*, No. A08-0852 (Minn. App. Apr. 13, 2009).

In April 2015, Duwenhoegger filed an application to proceed in forma pauperis (IFP) and a petition for a writ of habeas corpus. In his petition, Duwenhoegger challenged both his conspiracy convictions and his burglary conviction, arguing that his trial counsel was ineffective because counsel failed to inform him of a plea offer from the state in the conspiracy case and failed to prepare for the burglary case. Duwenhoegger made several other arguments, including that the district court judge violated the rules of criminal procedure by failing to inquire regarding whether Duwenhoegger was aware of the plea offer; the judge improperly threatened to sequester the jury; the judge fell asleep during trial; the prosecutor and Duwenhoegger's trial attorney "conspired to deny [Duwenhoegger] of any & all witnesses & physical documentary evidence"; the judge made erroneous evidentiary rulings during trial; the prosecutor fabricated evidence; he was entrapped; a state's witness committed perjury; and that his felony-level offenses should have been charged by indictment.

The district court issued a form order entitled, "Order Dismissing or Restricting Inmate In Forma Pauperis Action," finding that the action "is frivolous or malicious" because "[i]t has no arguable basis in law or in fact, or . . . [i]t is substantially similar to a previous claim brought against the same party that resulted in an adjudication on the

3

merits." The district court dismissed the action with prejudice. Duwenhoegger appealed. By order, this court found that although "[t]he district court did not actually deny the habeas petition," the "denial of Duwenhoegger's application [to proceed in forma pauperis] effectively determined the action, and a judgment of dismissal was entered on April 21, 2015." This court therefore construes this appeal as one taken from final judgment.

## D E C I S I O N

An inmate may proceed IFP if the inmate satisfies specific statutory criteria. Minn. Stat. § 563.02, subd. 2 (2014). But the district court must dismiss an action in which an inmate seeks to proceed as a plaintiff IFP with prejudice if it is frivolous or malicious. Minn. Stat. § 563.02, subd. 3(a) (2014).

> In determining whether an action is frivolous or malicious, the court may consider whether: (1) the claim has no arguable basis in law or fact; or (2) the claim is substantially similar to a previous claim that was brought against the same party, arises from the same operative facts, and in which there was an action that operated as an adjudication on the merits.

*Id*., subd. 3(b) (2014). A district court has broad discretion to grant IFP relief and will not be reversed absent an abuse of discretion. *Maddox v. Dep't of Human Servs.*, 400 N.W.2d 136, 139 (Minn. App. 1987).

A writ of habeas corpus is a civil remedy by which a person can obtain relief from unlawful restraint or imprisonment. *See* Minn. Stat. §§ 589.01-.35 (2014); *see also Breeding v. Swenson*, 240 Minn. 93, 96, 60 N.W.2d 4, 7 (1953) (stating that habeas corpus "is a civil remedy, separate and apart from the criminal action").

> Ordinarily, the only questions open to review on habeas corpus after conviction of a crime are whether the court had jurisdiction of the crime and the defendant; whether the sentence was authorized by law; and, in certain cases, whether [the] defendant was denied fundamental constitutional rights. The writ may not be used as a substitute for a writ of error or appeal or a motion to correct, amend, or vacate nor as a means to collaterally attack the judgment.

*Breeding v. Utecht*, 239 Minn. 137, 139-40, 59 N.W.2d 314, 316 (1953). "The burden is on the petitioner to show the illegality of his detention." *Case v. Pung*, 413 N.W.2d 261, 262 (Minn. App. 1987), *review denied* (Minn. Nov. 24, 1987). On review of a district court's denial of a petition for a writ of habeas corpus, questions of law are reviewed de novo. *Aziz v. Fabian*, 791 N.W.2d 567, 569 (Minn. App. 2010).

Duwenhoegger argues that the district court should have granted his IFP application because his habeas claims are not frivolous and have not previously been adjudicated on the merits. Duwenhoegger primarily argues that his trial counsel was ineffective in his conspiracy case for failing to inform him of the state's plea offer. Duwenhoegger contends that this claim has a basis in law. He relies on *Lafler v. Cooper*, which involved "ineffective assistance of counsel [that] caused the rejection of a plea leading to a trial and a more severe sentence," 132 S. Ct. 1376, 1388 (2012), and *Missouri v. Frye*, which held that "defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused." 132 S. Ct. 1399, 1408 (2012). An ineffective-assistance-of-counsel claim may be raised in a habeas petition. *See Rompilla v. Beard*, 545 U.S. 374, 380, 125 S. Ct. 2456, 2462 (2005) (reviewing a claim of ineffective assistance of counsel

5

raised by petition for writ of habeas corpus under the federal habeas statute); *State ex rel. Adams v. Tahash*, 276 Minn. 545, 545, 148 N.W.2d 562, 563 (1967) (reviewing a claim that relator was denied competent counsel at his trial raised by petition for writ of habeas corpus).

Although Duwenhoegger's ineffective-assistance-of-counsel claim has a basis in law, the district court also reasoned that the claim has no basis in fact. We agree. This court declined to reach the merits of Duwenhoegger's ineffective-assistance-of-counsel claim in his 2000 conspiracy appeal because the factual record was inadequate. *Duwenhoegger*, 2000 WL 821483, at *5. However, this court preserved Duwenhoegger's right to pursue a claim of ineffective assistance of counsel in a petition for postconviction relief. *Id.* There is nothing in the record to show that Duwenhoegger exercised that right and thereby developed a factual record that would enable consideration of his ineffective-assistance-of-counsel claim. Thus, the district court did not err by finding that Duwenhoegger's claim of ineffective assistance of counsel in his conspiracy case has no basis in fact.

Duwenhoegger also argues that he was denied due process, the district court judge failed to confirm that Duwenhoegger knew about the plea offer, the district court judge fell asleep during trial, the district court judge improperly threatened to sequester the jury, the district court judge made erroneous evidentiary rulings during trial, he was entrapped, he is being cruelly and unusually punished, and an indictment was necessary for the felony-level offenses. Duwenhoegger's assignment of nonconstitutional error is an improper collateral attack on his underlying criminal conviction. *See Breeding*, 239

6

Minn. at 139-40, 59 N.W.2d at 316. We have considered Duwenhoegger's remaining assignments of constitutional error and determine that they do not provide a basis for relief. *See Ture v. State*, 681 N.W.2d 9, 20 (Minn. 2004) (rejecting pro se arguments without detailing consideration of each argument).

Lastly, we address Duwenhoegger's argument that he should be granted relief "in the interest of justice." Duwenhoegger does not support his request with legal authority or explain why the interest of justice requires relief in this case. He cites *Rompilla v. Beard*, but that case does not address relief in the interest of justice. 545 U.S. at 380, 125 S. Ct. at 2462 (stating that "Rompilla's entitlement to federal habeas relief [under the federal habeas corpus statute] turns on showing that the state court's resolution of his claim of ineffective assistance of counsel . . . resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" (quotation omitted)). We do not discern a basis to grant Duwenhoegger's unsupported request for review in the interest of justice. *See* Minn. R. Civ. App. P. 103.04 (stating that appellate courts "may review any other matter as the interest of justice may require").

Duwenhoegger has submitted numerous documents demanding his immediate release from prison and other relief, but those filings are not authorized by the appellate rules and Duwenhoegger has not established that he is entitled to any relief from this court.

**Affirmed.**

7