*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0499**

Darrel Mckee, petitioner,
Appellant,

vs.

Steve Hammer,
Respondent.

**Filed August 29, 2016
Affirmed
Larkin, Judge**

Washington County District Court
File No. 82-CV-16-653

Darrel Mckee, Bayport, Minnesota (pro se appellant)

Lori Swanson, Attorney General, Kelly S. Kemp, Assistant Attorney General, St. Paul, Minnesota (for respondent)

Considered and decided by Rodenberg, Presiding Judge; Larkin, Judge; and Smith, Tracy M., Judge.

## UNPUBLISHED OPINION

**LARKIN**, Judge

Appellant challenges the district court's denial of his application to proceed in forma pauperis (IFP) and dismissal of his attendant petition for a writ of habeas corpus. We affirm.

# FACTS

In 2000, appellant Darrel Mckee pleaded guilty to second-degree murder in Hennepin County District Court. When pronouncing Mckee's sentence, the district court stated: "You are, by sentence of this court, committed to the Commissioner of Corrections for 300 months; 200 months to be served, and 100 months on supervised release, so long as you become entitled to that through the prison rules."

In February 2016, Mckee filed an application to proceed IFP and a petition for a writ of habeas corpus in Washington County District Court, based on the commissioner of correction's extension of his supervised-release date by 132 days. In his petition, Mckee alleged that the district court did not adequately explain that the commissioner could extend the prison portion of his sentence if he committed disciplinary offenses while in prison. He asserted that the commissioner, as an executive officer, is constitutionally prohibited from having any role in sentencing and thus lacks authority "to impose and enforce an extended 132 days '*disciplinary confinement period*' . . . beyond the two-third minimum term of imprisonment sentence imposed by the Court." In an amended petition, Mckee further asserted that the extended term of imprisonment is inconsistent with his plea agreement and that the commissioner applied an inappropriate standard of proof when extending his imprisonment based on minor disciplinary violations.[1]

---

[1] On appeal, Mckee does not argue that the commissioner used an improper standard of proof; nor does he contend that his conduct did not violate prison disciplinary rules.

The district court ruled that the action was frivolous because the "[p]ronouncement of [a] sentence is for [the] sentencing court" and dismissed the action with prejudice. Mckee appeals.

**D E C I S I O N**

An inmate may proceed IFP if he satisfies specific statutory criteria. Minn. Stat. § 563.02, subd. 2 (2014). But if an inmate seeks to proceed as a plaintiff IFP in a frivolous or malicious action, the district court must dismiss the action with prejudice. Minn. Stat. § 563.02, subd. 3(a) (2014). "In determining whether an action is frivolous or malicious, the court may consider whether: . . . the claim has no arguable basis in law or fact . . . ." *Id*., subd. 3(b) (2014). A district court has broad discretion to grant IFP relief and will not be reversed absent an abuse of discretion. *Maddox v. Dep't of Human Servs.*, 400 N.W.2d 136, 139 (Minn. App. 1987).

A writ of habeas corpus is a civil remedy by which a person can obtain relief from unlawful restraint or imprisonment. *See* Minn. Stat. §§ 589.01-.35 (2014); *see also Breeding v. Swenson*, 240 Minn. 93, 96, 60 N.W.2d 4, 7 (1953) (stating that habeas corpus "is a civil remedy, separate and apart from the criminal action").

> Ordinarily, the only questions open to review on habeas corpus after conviction of a crime are whether the court had jurisdiction of the crime and the defendant; whether the sentence was authorized by law; and, in certain cases, whether [the] defendant was denied fundamental constitutional rights. The writ may not be used as a substitute for a writ of error or appeal or a motion to correct, amend, or vacate nor as a means to collaterally attack the judgment.

*Breeding v. Utecht*, 239 Minn. 137, 139-40, 59 N.W.2d 314, 316 (1953).

"The burden is on the petitioner to show the illegality of his detention." *Case v. Pung*, 413 N.W.2d 261, 262 (Minn. App. 1987), *review denied* (Minn. Nov. 24, 1987). On review of a district court's denial of a petition for a writ of habeas corpus, questions of law are reviewed de novo. *Aziz v. Fabian*, 791 N.W.2d 567, 569 (Minn. App. 2010).

Mckee makes three arguments on appeal. First, Mckee argues that, because the sentencing court did not properly explain the supervised-release portion of his sentence as required under Minn. Stat. § 244.101, subd. 2 (1998), the supervised-release term of his sentence is not conditioned on his compliance with disciplinary rules.

When a district court pronounces an executed sentence for a felony, the court:

> shall explain . . . the amount of time the defendant will serve on supervised release, assuming the defendant commits no disciplinary offense in prison that results in the imposition of a disciplinary confinement period. The court shall also explain that the amount of time the defendant actually serves in prison may be extended by the commissioner if the defendant commits any disciplinary offenses in prison and that this extension could result in the defendant's serving the entire executed sentence in prison. The court's explanation shall be included in a written summary of the sentence.

Minn. Stat. § 244.101, subd. 2.

Mckee contends that he may challenge the sentencing court's explanation of his sentence in a habeas action. He relies on *State v. Schnagl*, 859 N.W.2d 297, 303-04 (Minn. 2015), a case in which the supreme court held that an inmate may obtain judicial review of the commissioner's administrative decisions regarding implementation of a judicially imposed sentence by filing a petition for a writ of habeas corpus. However, Mckee's challenge to the district court's explanation of his sentence is essentially a challenge to the

sentence itself, which cannot be raised in a habeas petition. *See Utecht*, 239 Minn. at 139-40, 59 N.W.2d at 316 (stating that a writ of habeas corpus may not be used to collaterally attack a sentence).

Even if Mckee could challenge his sentence in this habeas proceeding, his challenge would fail on the merits because he does not establish that a district court's failure to explain the supervised-release term of a sentence precisely as required under Minn. Stat. § 244.101, subd. 2(3), renders the sentence invalid. In fact, the statute that requires the district court to explain the supervised-release term also provides that "[n]otwithstanding the court's explanation of the potential length of a defendant's supervised release term, the court's explanation creates no right of a defendant to any specific, minimum length of a supervised release term." Minn. Stat. § 244.101, subd. 3 (1998). That language suggests that a district court's failure to provide the statutory advisory does not change the conditional nature of a supervised-release term. *See Carrillo v. Fabian*, 701 N.W.2d 763, 773 (Minn. 2005) (concluding that although an inmate has a liberty interest in the inmate's supervised-release date, an inmate has no right to a particular supervised-release date). Moreover, although the district court's sentencing explanation could have been more precise, the district court advised Mckee that the supervised-release portion of his sentence was contingent on him "becom[ing] entitled to [it] through the prison rules." That advisory conveyed that failure to comply with prison rules could impact Mckee's supervised-release term.

McKee's second argument is that, because the commissioner has extended the length of his imprisonment for disciplinary violations, the commissioner has imposed a

sentence or extended his sentence in violation of the separation of powers under Minn. Const. art. III, § 1. The commissioner's extension of Mckee's imprisonment does not violate the separation of powers under Minn. Const. art. III, § 1. Minn. Stat. § 244.05, subd. 1b(a) (2014), provides that an inmate shall not serve a supervised release term until completion of the inmate's term of imprisonment and "any disciplinary confinement period imposed by the commissioner due to the inmate's violation of any disciplinary rule adopted by the commissioner." In *State v. Schwartz*, the supreme court held that the commissioner's statutory authority over supervised and conditional release does not violate the separation of powers. 628 N.W.2d 134, 139, 141 (Minn. 2001). The supreme court reasoned that in deciding to revoke conditional release and reincarcerate a parolee, the commissioner "does not alter the sentence of the court or impose a new sentence, but merely executes a condition within the parameters set by the court for [that person's] commitment to the commissioner." *Id.* at 140.

Similarly, the commissioner's imposition of disciplinary confinement in this case did not alter the underlying sentence or impose a new sentence, because Mckee's 100-month supervised-release term was conditioned on Mckee not having any prison disciplinary violations that resulted in disciplinary confinement. Because the commissioner had the authority to delay Mckee's supervised-release date under his power to administer Mckee's judicially imposed sentence, the commissioner did not violate the separation of powers.

Mckee's third argument is that, because the sentencing court did not adequately explain the supervised-release portion of his sentence, he did not understand that he may

6

have to serve more than 200 months in prison if he violated prison disciplinary rules and that his guilty plea was therefore unintelligent and invalid. Mckee's attempt to challenge the validity of his guilty plea is a challenge to his conviction, which cannot be raised in a habeas petition. *See Utecht*, 239 Minn. at 139-40, 59 N.W.2d at 316 (stating that a writ of habeas corpus may not be used to collaterally attack a judgment).

Because Mckee's habeas claim has no arguable basis in law or fact, the district court did not abuse its discretion by determining that the action is frivolous. Under the circumstances, the district court was required to dismiss the action. *See* Minn. Stat. § 563.02, subd. 3(a) (providing that an action filed by an inmate seeking to proceed IFP "shall be dismissed with prejudice if it is frivolous"). We therefore affirm.

**Affirmed.**